**EMPIREGAS, INC., OF PUEBLO,**
**Petitioner-Appellant,**

v.

**The COUNTY COURT OF the COUNTY OF PUEBLO, The Honorable Gordon R. Cooper, County Court Judge, Respondent-Appellee.**

**No. 84CA0976.**

Colorado Court of Appeals,
Div. I.

Dec. 19, 1985.

Rector, Retherford, Mullen & Johnson, Michael R. Waters, Colorado Springs, for petitioner-appellant.

Edwin K. McMartin, P.C., Edwin K. McMartin, Pueblo, for respondent-appellee.

BERMAN, Judge.

In this appeal of a judgment entered in a C.R.C.P. 106 proceeding, petitioner, Empiregas, Inc., of Pueblo, challenges the holding of the district court of Pueblo County that the respondent county court did not abuse its discretion in denying petitioner's request for dismissal of its counterclaim. We reverse.

The events pertinent to this appeal are as follows. In January 1983, a county court summons and complaint was served upon petitioner by one Tilton. Petitioner filed an answer, a counterclaim for damages in the amount of $32,323.77, as well as a motion pursuant to C.R.C.P. 313(b)(1) to transfer the claim to the district court. Tilton objected to petitioner's counterclaim for any amounts in excess of $5,000, as well as the motion to transfer to the district court. He argued that petitioner had elected to accept the jurisdiction of the county court by the filing of its answer and counterclaim in the county court, and that by doing so, it had limited itself to a maximum judgment of $5,000, pursuant to C.R.C.P. 313(b)(2).

Thereafter, petitioner filed a complaint against Tilton in the district court of Pueblo County. In May 1983, the district court refused to accept the transfer, and dismissed petitioner's district court complaint.

Petitioner subsequently initiated an appeal in this court, but later dismissed that appeal.

In September 1983, petitioner sought a notice of dismissal of its counterclaim, pursuant to C.R.C.P. 341. The notice of dismissal was filed by petitioner before a reply or answer to its counterclaim was filed by Tilton, and the notice requested dismissal without prejudice. Tilton did subsequently file a reply. After a hearing, the respondent county court refused to grant the dismissal on the grounds that Tilton had replied to the counterclaim.

In December 1983, petitioner filed a writ in the district court in the nature of mandamus and prohibition pursuant to C.R.C.P. 106, seeking relief from the county court's denial of the notice of dismissal. After a

hearing, the district court refused to grant the petitioner's application for relief seeking dismissal of its counterclaim, and this appeal followed.

The respondent is incorrect in asserting that the issue presented for resolution is whether petitioner is estopped from proceeding under C.R.C.P. 313(b)(1) to transfer its action to the district court if it has already filed a counterclaim under C.R.C.P. 313(b)(2). That issue is not ripe for disposition. The issue that is before this court is whether the petitioner had the right to dismiss its counterclaim pursuant to C.R.C.P. 341. We hold that it did and therefore reverse.

■■■ In an appeal from a judgment entered in a C.R.C.P. 106 proceeding, this court is in the same position as the district court concerning the review of the county court proceeding. *Zaharia v. County Court,* 673 P.2d 378 (Colo.App.1983). Relief in the nature of prohibition or mandamus is appropriate where a court is proceeding without or in excess of its jurisdiction, or has abused its discretion. *Tyler v. District Court,* 193 Colo. 31, 561 P.2d 1260 (1977).

The stage at which a party in a civil action through the county court simplified procedure may be allowed voluntarily to dismiss its claim is covered by C.R.C.P. 341. The purpose of the rule is to facilitate voluntary dismissals. The rule provides for a plaintiff's voluntary dismissal of his action without prejudice if the notice of dismissal is filed before the adverse party files or serves his answer. C.R.C.P. 341(a)(1).

■■■ The provisions of this rule also apply to the dismissal of a counterclaim. C.R.C.P. 341(c). However, the rule does not specifically provide for or require the notice to be filed before the adverse party replies to the counterclaim. Moreover, no reply is required by an adverse party to a counterclaim. However, notwithstanding that a reply is not required, and, even though the reply here was filed after the notice of dismissal was filed, the county court acknowledged that Tilton's reply to the counterclaim was the basis for its denial of petitioner's request for dismissal.

If petitioner's motion for dismissal had been based on an original action, and not a counterclaim, the county court should have granted the dismissal as a matter of course. C.R.C.P. 341(a)(1). But, if a counterclaim is asserted prior to the filing of a notice of dismissal of an original action, the action will not be dismissed unless the counterclaim can remain pending for independent adjudication by the court. C.R.C.P. 341(a)(2).

Thus, if a notice of dismissal to an original action should be granted as a matter of course if it is filed prior to the filing of an answer, the logical analogy is that if a notice of dismissal to a counterclaim is filed prior to an answer or reply to it, the court should dismiss the counterclaim as a matter of course. *See* C.R.C.P. 341(a)(1); C.R.C.P. 341(c).

■■■ Here, the reply to the counterclaim was filed after the notice of dismissal was sought. Thus, there is no reason why the counterclaim should not be dismissed as a matter of course. Inasmuch as the petitioner has complied with the provisions of C.R.C.P. 341, the respondent county court should have granted the dismissal of the counterclaim without prejudice, and upon its failure to do so, the district court should have ordered that the dismissal be effected in the C.R.C.P. 106 proceeding.

The judgment is reversed, and the cause is remanded to the district court with directions to enter judgment requiring the county court to grant dismissal without prejudice of petitioner's counterclaim. C.R.C.P. 341.

ENOCH, C.J., and PIERCE, J., concur.