**NORTHERN COLORADO CONSORTIUM, INC.,**
**Plaintiff-Appellant,**

v.

**OFFICE OF RURAL JOB TRAINING, DEPARTMENT OF LABOR, and Richard D. Lamm, Governor, Defendants-Appellees.**

No. 85CA1061.

Colorado Court of Appeals,
Div. II.

Oct. 9, 1986.

Jake R. Valdez and Mark T. Angelos, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Mary Karen Maldonado, Asst. Atty. Gen., Denver, for defendants-appellees.

SMITH, Judge.

Northern Colorado Consortium, Inc., plaintiff, appeals from the judgment of the trial court dismissing its complaint against the Office of Rural Job Training, Department of Labor, and Richard D. Lamm, defendants. We reverse.

In March 1984, Northern Colorado Consortium, Inc. (NCCI) filed a grievance with respect to a decision by the Office of Rural Job Training of the Colorado Department of Labor to discontinue the use of private contractors' competitive bidding to provide job training services for youth pursuant to the Job Training Partnership Act, 29 U.S.C. § 1501, et seq. (JTPA). In accordance with the grievance procedure, the action taken by the hearing officer was reviewed by the Office of Rural Job Training and ultimately was appealed by NCCI to the Governor who, under the Act and the appropriate regulation is empowered to make the final decision on grievances. The Governor, by written decision issued on July 12, 1984, affirmed the decision of the Office of Rural Job Training.

The Governor's decision was mailed to NCCI on July 12, 1984; however, because of insufficient postage, it was later returned to the Governor's Job Training Office. In the meantime on July 18, 1984, NCCI's director telephoned the Governor's Job Training Office, was informed that a decision had been issued, and picked up a copy that same day.

On August 17, 1984, NCCI filed a complaint for judicial review in the district court. The complaint was subsequently dismissed by the trial court on defendants' motion to dismiss for failure to seek judicial review within the 30–day time limit prescribed by § 24–4–106(4), C.R.S. (1982 Repl. Vol. 10).

Arguing that the time for seeking judicial review began to run when NCCI received actual notice of the Governor's final decision, not on that date that it was mailed, NCCI contends that its complaint for judicial review was timely filed. Under the circumstances here, we agree.

Pursuant to § 24–4–106(4), C.R.S. (1982 Repl. Vol. 10), judicial review of final agency action must be commenced in the district court within thirty days after the agency action becomes effective. Under the Federal Job Training Act and Colorado regulations governing grievances, the Governor's decision is final and, therefore, effective upon issuance. 20 C.F.R. 629.52(c)(1) (1985); Colo. JTPA Letter # 84–38.

■ The recognized interpretation of issuance of an order is the date of mailing. *Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo.App.1985). Mailing occurs on the date that a letter, *properly addressed and bearing proper postage,* is deposited in the mails. *See Olsen v. Davidson,* 142 Colo. 205, 350 P.2d 338 (1960); *First National Bank v. Henning,* 112 Colo. 523, 150 P.2d 790 (1944).

■ Here, the Governor's decision was mailed without proper postage. Thus, there was no proper mailing, and we hold that the Governor's decision took effect on July 18, 1984, the date upon which NCCI received actual notice of the decision. Therefore, NCCI's complaint for judicial review, which was filed on August 17, 1984, was timely.

Accordingly, the judgment of dismissal is reversed and the cause is remanded with directions to reinstate the complaint for review.

KELLY and STERNBERG, JJ., concur.