**INTERNATIONAL SATELLITE COMMUNICATIONS, INC., d/b/a American Box Office, Inc., Plaintiff–Appellant,**

v.

**KELLY SERVICES, INC., and E. Jackson, Assignee, Defendants–Appellees.**

No. 85CA1720.

Colorado Court of Appeals, Div. III.

Dec. 24, 1987.

Richard D. Gilson, Aurora, for plaintiff-appellant.

Breit, Best, Richman and Bosch, P.C., Douglas E. Best, Michael P. Lockwood, Denver, for defendants-appellees.

BABCOCK, Judge.

In this appeal from the district court judgment dismissing plaintiff's complaint, plaintiff, International Satellite Communications, Inc., d/b/a American Box Office, Inc. (ABO), raises one paramount issue: Did ABO make an irrevocable election to pursue its remedy in county court when it filed its amended answer and counterclaim in that court before bringing this action in district court? We hold that it did, and affirm.

In November 1984, defendant E. Jackson, as assignee of defendant Kelly Services, Inc., sued ABO in the Denver County Court seeking $1,199.11, plus interest and costs, for an allegedly unpaid account. A short time later, ABO filed an answer in the county court.

In June 1985, after obtaining leave from the county court, ABO filed an amended answer and a counterclaim in which it sought damages of $26,000,000. Approximately three months later, ABO sued defendants in Denver District Court alleging the same $26,000,000 damages. Defendants then moved to dismiss ABO's district court case, on the grounds that the district court did not have jurisdiction, as ABO had elected to seek its remedy in county court. The district court granted defendants' motion.

C.R.C.P. 313(b) provides that, as to counterclaims in which the total amount claimed exceeds five thousand dollars, the defendant may:

> "(a)(1) File suit against the plaintiff in the district court or the superior court, where applicable, on the counterclaim, making reference to the suit in county court and asking that such suit be transferred to the appropriate court and joined with the action there pending. Upon notification to the county court from the district or superior court that an action has been filed requesting such transfer, proceedings in the county court shall be discontinued, and the clerk of the county court shall certify all records in the case to the district or superior court for consolidation with the action in such court; or
>
> (2) File a counterclaim in the action pending in the county court, but any judgment in his favor will be limited to five thousand dollars, exclusive of interest and costs, and suit for the excess due him over that sum will be barred thereafter; or
>
> (3) Fail to take either action, but in such event suit on the counterclaim will be barred thereafter if it arises out of the transaction or occurrence that is the

subject matter of the plaintiff's claim...."

## I.

ABO argues that the three options set out in C.R.C.P. 313(b) are not mutually exclusive, *i.e.*, that by choosing a course of action pursuant to one of the three provisions, a party is not precluded from choosing another at a later date. We disagree.

■ Statutory terms should be given effect according to their plain and obvious meaning. *Ellis v. Charnes*, 722 P.2d 436 (Colo.App.1986). If the statutory language is clear and the legislative intent appears reasonably certain, there is no need to resort to other rules of statutory construction. *People v. District Court*, 713 P.2d 918 (Colo.1986). These fundamental rules of construction also apply to the interpretation of rules of procedure. *See Patterson v. Cronin*, 650 P.2d 531 (Colo.1982).

The plain language of C.R.C.P. 313(b) dictates that the three provisions be read as alternatives. This conclusion is substantiated by use of the word "or" following each C.R.C.P. 313(b) alternative. Absent a contrary clear intent, the use of "or" presumes the disjunctive. *United States v. O'Driscoll*, 761 F.2d 589 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).

■ Thus, the intent of the supreme court in promulgating C.R.C.P. 313(b)(1)–(3) was to delineate mutually exclusive alternatives for pursuing counterclaims in county court. The alternatives function as elections; once a party has taken action in accordance with one, the party is barred from pursuing another. Consequently, when ABO obtained leave from the county court and filed its counterclaim for $26,-000,000, it elected to bring its counterclaim before the county court pursuant to C.R.C.P. 313(b)(2) and limit its potential recovery to $5000.

## II.

ABO further argues that its county court counterclaim is not limited by C.R.C.P. 313(b) as that rule applies only to counter-

claims possessed at the time the action is begun. It asserts that its counterclaim is governed by C.R.C.P. 313(c) which provides:

> "*Counterclaim Maturing or Acquired After Pleading.* A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading...."

We disagree.

Rules of civil procedure are to be construed as a whole, and a reviewing court must adopt a construction consistent with the purpose of the rules. *Patterson v. Cronin, supra; Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978).

■ When read as a whole, the purpose of C.R.C.P. 313 is to set forth the requirements for filing counterclaims in county court. While C.R.C.P. 313(a) and (b) address counterclaims possessed by a defendant "at the time the action is begun," C.R.C.P. 313(c) allows the filing of a counterclaim maturing after a party serves his initial pleading. These provisions are not to be read separately from each other. Rather, once a counterclaim matures, pursuant to C.R.C.P. 313(c), it becomes subject to C.R.C.P. 313(b).

Even though ABO's counterclaim may not have been available at the time the action was commenced, it was subject to the alternatives set forth in 313(b). Thus, ABO elected to proceed in county court and limit its recovery to $5000 when it first filed its counterclaim in county court.

### III.

ABO asserts, however, that, if forced to proceed in county court on its counterclaim, it will be denied an adequate remedy. We are not persuaded.

ABO could have first filed suit against defendants in district court pursuant to C.R.C.P. 313(b)(1) before filing its counterclaim in county court. Alternatively, ABO could have moved for a C.R.C.P. 341 dismissal of the county court counterclaim without prejudice and then filed its action

in district court. *See Empiregas, Inc. v. County Court*, 713 P.2d 937 (Colo.App. 1985). ABO failed to do so. Therefore, the rules do not deny ABO an adequate remedy.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.