**PLATTE RIVER DRIVE JOINT VENTURE, Plaintiff– Appellee,**

v.

**Art VASQUEZ, d/b/a Vasco Grand Prix, Defendant–Appellant.**

**No. 92CA1420.**

Colorado Court of Appeals, Div. III.

Aug. 26, 1993.

Rehearing Denied Sept. 30, 1993.

Watrous & Ehlers, P.C., Tammy K. Greene, Lakewood, for plaintiff-appellee.

Mark Brandes, Denver, for defendant-appellant.

Opinion by Judge TURSI.

In this unlawful detainer action, defendant, Art Vasquez, d/b/a Vasco Grand Prix (tenant), appeals from the summary judgment entered in favor of plaintiff, Platte River Drive Joint Venture (landlord). We affirm.

In 1988, tenant leased the landlord's real property. In 1989, based upon tenant's alleged failure to meet certain conditions of the lease, landlord filed an unlawful detainer action in county court. Tenant, pursuant to a stipulation, authorized repossession of the property. Landlord's claims for damages were not answered or pursued at that time.

Tenant then sued landlord in the district court asserting damage claims for unlawful eviction. The complaint made no reference to the county court action and did not request a transfer of that action to the district court pursuant to C.R.C.P. 313(b)(1).

At a hearing on cross-motions for summary judgment, the district court determined that, although tenant's unlawful eviction claims had arisen from the same transaction as the subject matter of the county court action, it had not been asserted in county court. Therefore, the court held that the county court action had not been properly transferred to the district court pursuant to C.R.C.P. 313(b)(1). Ultimately, the court concluded that it lacked jurisdiction to address tenant's complaint and further that those claims were barred by the express language of C.R.C.P. 313(b)(3). The district court therefore granted landlord's motion for summary judgment, dismissed tenant's claims, and also dismissed the landlord's counterclaim on the basis of the county court's prior jurisdiction. Neither party appealed that judgment.

Landlord then moved for entry of default on its damage claims in county court and the motion was granted. On motion to set aside the default, tenant was granted time to file an answer. Tenant filed his answer and added counterclaims for damages which exceeded the county court's jurisdiction. He also filed a copy of his county court pleading in the district court and a request to transfer the county court action to the district court. The request for transfer was docketed in the district court and is the subject of this appeal.

Landlord filed a motion for summary judgment in the district court, asserting that tenant's claim was barred by the doctrines of collateral estoppel and res judicata. Tenant's response in opposition to the motion argued that the previous dismissal of his damage claim by the district court

could not serve as a basis for *res judicata* inasmuch as a dismissal based on lack of jurisdiction is without prejudice. And, alternatively, that because the default judgment in the county court had been subsequently set aside it revived his rights to counterclaim.

Landlord's reply asserted that when the county court default judgment was set aside the only claim remaining to be litigated was its damage claim.

Following oral argument and based upon the parties' submissions, the district court granted the landlord's motion for summary judgment on tenant's counterclaims. In so ruling, the district court determined that the unappealed judgment in the first district court action, which stated that tenant's unlawful eviction claims were barred, constituted a final adjudication of tenant's claims under the doctrine of *res judicata*.

■ Tenant contends that the district court erred in concluding that the doctrine of *res judicata* barred his counterclaims. In support of this contention, he argues that the first district court judgment was based upon procedural rather than substantive grounds and that, therefore, it was not a final judgment on the merits. We agree, but conclude that the counterclaims were properly dismissed on other grounds.

C.R.C.P. 313(b) as pertinent here provided that, with reference to a counterclaim in which the amount claimed exceeds the jurisdiction of the county court, a defendant may:

(1) File suit against the plaintiff in the district court ... on the counterclaim, making reference to the suit in county court and asking that such suit be transferred to the appropriate court and joined with the action there pending.... or

(2) File a counterclaim in the action pending in the county court, but any judgment in his favor will be limited to five thousand dollars, exclusive of interest and costs, and suit for the excess due him over that sum will be barred thereafter; or

(3) Fail to take either action, but in such event suit on the counterclaim will be barred thereafter if it arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim....

In *International Satellite Communications, Inc. v. Kelly Services, Inc.*, 749 P.2d 468 (Colo.App.1987), this court was required to interpret C.R.C.P. 313(b). There, a defendant first filed a counterclaim in the county court which exceeded the jurisdictional limit of that court. Approximately three months later, the defendant brought suit in the district court alleging the same claim. We held that the defendant in that case had made an irrevocable election by first filing the counterclaim in the county court and therefore held that recovery on the claim was limited to the jurisdictional limit of that court pursuant to C.R.C.P. 313(b)(2). In so holding, we stated that:

The alternatives [in the rule] function as elections; once a party has taken action in accordance with one, the party is *barred* from pursuing another.

*International Satellite Communications, Inc. v. Kelly Services, Inc.*, 749 P.2d at 469 (emphasis supplied).

■ Here, however, in the first district court action, tenant, without responding in the county court, failed to comply with the procedural requirements for asserting his unlawful eviction claim. Accordingly, his claim was properly dismissed under C.R.C.P. 313(b)(1).

■ In this matter, the district court correctly determined that tenant could not refile the same answer and counterclaim in the district court that he had just filed in the county court. See C.R.C.P. 313(b)(3); *International Satellite Communications, Inc. v. Kelly Services, Inc., supra.* Accordingly, the action filed in district court was properly dismissed, and the remedy, if any, available to the tenant must be determined with the jurisdiction of the county court. See C.R.C.P. 313(b)(2); *see also Empiregas, Inc. v. County Court*, 713 P.2d 937 (Colo.App.1985).

The landlord's request for attorney fees and costs in this appeal is denied. *See* C.A.R. 38(d).

Judgment affirmed.

JONES and ROTHENBERG, JJ., concur.