James J. FELDEWERTH, II, Plaintiff–Appellee,

v.

JOINT SCHOOL DISTRICT 28–J OF the COUNTIES OF ADAMS AND ARAPAHOE, By and Through its Superintendent of Schools, David L. HARTENBACH, Ed.D., in his official capacity; The Board of Education of Joint School District 28–J of the Counties of Adams and Arapahoe, by and through Barbara Johnson, Patricia P. Lord, Larry L. Yates, Madolyn L. Paroske, John B. Richards, and Barbara Yamrick, all in their official capacity as the individual members of the Board of Education of Joint School District 28–J of the Counties of Adams and Arapahoe, Defendants–Appellants.

No. 98CA2279.

Colorado Court of Appeals, Div. II.

Dec. 9, 1999.

Rehearing Denied Jan. 6, 2000.

Certiorari Denied June 19, 2000.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

Holland, Kaplan and Pagliuca, P.C., Brian K. Holland, Denver, Colorado, for Plaintiff–Appellee.

Caplan and Earnest LLC, Alexander Halpern, Mark B. Wiletsky, Boulder, Colorado, for Defendants–Appellants.

Opinion by Judge CRISWELL.

In this C.R.C.P. 106(a)(4) proceeding, the defendant, Joint School District 28–J (district), appeals from the judgment of the district court that vacated the district's order dismissing plaintiff, James J. Feldewerth, II, as an assistant principal. We reverse and remand with directions to dismiss plaintiff's complaint.

The record that was made before the board of education (board) prior to plaintiff's termination, discloses that in the spring of 1997 various allegations were made against plaintiff, centered upon his alleged relationship with and conduct towards teachers, other staff members, and students. Because of the nature of those allegations, plaintiff was placed on administrative leave, and the district engaged outside fact-finders to investi-

gate the factual bases for those allegations. Based upon the findings set forth in their written report, charges, looking towards his dismissal, were later filed against plaintiff, and he was ultimately dismissed by the board in January 1998.

During this investigation and afterwards, plaintiff was represented by the same counsel who now appear for him in this court. This representation included negotiating with the board's attorney in an attempt to settle the controversy without a formal dismissal hearing. These negotiations went on for several months before the charges against plaintiff were formally filed.

When no settlement agreement had been reached, charges were filed with the board on December 11, 1997, and plaintiff's counsel was advised of that fact. According to an affidavit presented to the board, counsel for the board spoke by telephone with plaintiff's attorney several days later, and he asked if counsel would accept delivery of certain documents directly. When counsel agreed to accept them, they were delivered to his office later that day, December 18, 1997.

In addition, the board was told that, in an earlier court hearing, plaintiff's attorney had admitted that plaintiff had personally received the documents for his review on the following day, December 19, 1997. Counsel's affidavit also avers that, as a result of this conversation and later delivery of documents, no effort was made to send the documents to plaintiff by certified mail.

Negotiations continued between the parties after this delivery, but plaintiff failed to file any objections with the board within the time specified by the statute. Consequently, on January 7, 1998, the board's attorney notified plaintiff's counsel that, while settlement discussions could still continue, it would be necessary for plaintiff to show good cause to the board for his failure to file timely objections to have a hearing upon those charges.

In response, plaintiff's counsel sent a letter to the district's superintendent in which he generally objected to the proposed dismissal and requested a hearing. In addition, plaintiff commenced a lawsuit against the district,

seeking to enjoin it from terminating him. A court hearing was held on plaintiff's request for preliminary injunction shortly before the later board hearing was held the same day. Both plaintiff and his attorney testified, after which that request was denied. The present record does not disclose the ultimate disposition of plaintiff's complaint in that case.

Both plaintiff and his counsel also later appeared before the board in support of his request for a hearing, and he and the board's attorney presented to the board the information summarized above. Thereafter, the board denied his request for a hearing.

Plaintiff then commenced this action pursuant to C.R.C.P. 106(a)(4) to have the court review the board's decision. He asserted that the board's action was improper because: (1) the board's failure to send the documents required by statute to be delivered to him by certified mail meant that the board did not have jurisdiction to proceed, (2) the board itself had no authority to conduct a good cause hearing, but this issue was required to be referred to a hearing officer, and (3) the board was required to adopt a remediation plan for plaintiff before it could terminate him.

In ordering that the board's order of dismissal be vacated, the district court addressed only the first of these issues. In considering that issue, the court concluded that, even though providing the documents to plaintiff's counsel may have imputed notice to plaintiff, such service "did not comply with the strict technical requirements" of the pertinent statute. Hence, it concluded that the board "did not properly invoke jurisdiction over the dismissal action" because of its failure to comply with those requirements.

I.

Both parties agree that plaintiff's action here was properly brought and maintained under C.R.C.P. 106(a)(4) to review the action of a tribunal exercising "quasi-judicial functions." We accept that premise for purposes of our analysis of the issues presented.

■ However, the parties disagree as to the standard of review that we must apply to the district court's judgment. Plaintiff as-

serts that we must affirm that judgment unless we conclude that the district court abused its discretion. The district, on the other hand, argues that, in this C.R.C.P. 106(a)(4) action, in which the trial court decided the issues solely on the record made before the lower tribunal, this court must review the cause on a *de novo* basis. We agree with the district.

C.R.C.P. 106(a)(4)(I) is specific in requiring that the reviewing court decide whether the lower tribunal exceeded its jurisdiction or abused its discretion "based on the evidence in the record before the defendant body or officer." In such a case, therefore, the reviewing court engages in no fact finding; it exercises the same type of review of the tribunal's decision that an appellate court engages in when it reviews a trial court's decision based upon conflicting evidence. *See Coleman v. Gormley,* 748 P.2d 361 (Colo. App.1987) (in C.R.C.P. 106(a)(4) action, it is lower tribunal and not court that has authority to determine facts).

Further, because the district court exercises no fact finding authority in such cases, the appellate court engages in the same type of record review as did the trial court. It is not, therefore, bound by any determination made by the trial court, but it reviews the issues presented to that court on a *de novo* basis. *See City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995) (C.R.C.P. 106(a)(4) action to review propriety of discharge of municipal employee); *Empiregas, Inc. v. Pueblo County Court,* 713 P.2d 937 (Colo.App.1985) (C.R.C.P.106(a)(4) review of county court action).

Plaintiff's reliance upon *Frey v. Adams County School District No. 14,* 804 P.2d 851 (Colo.1991), is misplaced. There, because a tenured teacher's certificate had expired, the school board terminated her employment without filing charges or holding a hearing. The teacher sought review in this court under the predecessor of what is now § 22–63–302(10)(b), C.R.S.1999. This court dismissed the petition for review, *Frey v. Adams County School District No. 14,* 771 P.2d 27 (Colo. App.1989), and the supreme court affirmed on the basis that this court lacks jurisdiction to review a teacher's termination unless the procedures set forth in the pertinent statutes are followed. In doing so, the supreme court noted that, in a case in which those procedures have been ignored, the teacher's proper means of obtaining relief is from the district court under C.R.C.P. 106. The action in *Frey,* therefore, was not brought under C.R.C.P. 106(a)(4).

Further, unlike *Frey,* the board here did, indeed, hold a show cause hearing to determine whether plaintiff would be allowed a further hearing on the merits of his objections. While abbreviated, that hearing resulted in the production of a substantial record that the trial court reviewed, and neither party sought to produce further live testimony before the trial court. *See Grant v. District Court,* 635 P.2d 201 (Colo.1981) (if record insufficient, action should be under C.R.C.P. 57, not under C.R.C.P. 106(a)(4)).

We conclude, therefore, that our review of the board's action in denying a further hearing to plaintiff should be on a *de novo* basis, and we do not defer to the trial court's resolution of the issues presented.

## II.

■ The district asserts that the trial court erred in concluding that a school board's failure to provide a teacher with notice of charges by means of certified mail, rather than by other, more certain, means of notification, deprives that board of jurisdiction to dismiss a teacher. We agree.

### A.

The Colorado Teachers Employment, Compensation, and Dismissal Act of 1990 (the Act), § 22–63–101, et seq., C.R.S.1999, provides that a teacher shall be on probation for the first three years of his or her employment, during which period the superintendent and the board may elect not to renew that teacher's contract for any reason they consider sufficient. While such a probationary teacher may receive a written statement of the reasons for such non-renewal, nothing within the statutes are intended to create a property interest in such a teacher's job. Sections 22–63–203(1) and 22–63–203(4), C.R.S.1999.

In contrast, a non-probationary teacher, such as plaintiff here, may be dismissed only for specified reasons constituting "good and just cause." Section 22–63–301, C.R.S.1999.

■ Because this latter provision grants to such a teacher a legitimate claim to continued employment, the due process clause of the Fourteenth Amendment requires that that teacher be given notice and hearing before any dismissal may take place. *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Adams County School District No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990). *See generally* 2 *CJI–Civ. 4th* 32:2, para. 8–11, pp. 179–180 (1999).

Presumably to comply with this constitutional mandate, the Act requires a certain procedure to be followed before a non-probationary teacher may be dismissed. Thus, the Act requires that a school district's chief administrative officer must first file a written recommendation for dismissal with the board, based upon one or more of the grounds specified in § 22–63–301. If the board accepts that recommendation, a notice of intent to dismiss, stating the reasons for that dismissal, together with a copy of all exhibits, a list of all witnesses, and several other documents, must be delivered to the teacher. That notice and other materials "shall be sent by certified mail to said teacher...." Section 22–63–302(2), C.R.S.1999.

At the time of the events giving rise to this controversy, the Act provided that, upon receipt of these materials, if the teacher chose to contest the recommended dismissal, the teacher was to file a written notice of objections and a request for a hearing with the chief administrative officer within seven days of the teacher's receipt of the notice of intended dismissal. Colo. Sess. Laws 1990, ch. 150, § 22–63–302(3), at 1124. Upon receipt of such objections and request, the parties were to select a hearing officer before whom an evidentiary hearing was to be held and who was to make findings, conclusions, and recommendations to be acted upon by the board. *See* Colo. Sess. Laws 1990, ch. 150, §§ 22–63–302(4) through (9) at 1124–1126.

If the teacher failed to file objections and a request for a hearing in a timely fashion, that failure was to be taken as a waiver of the right to a hearing, and the dismissal would become final, "except that the board of education may grant a hearing upon a determination that the failure to file written notice for hearing was due to good cause." Colo. Sess. Laws 1990, ch. 150, § 22–63–302(3) at 1124.

■ This process provides the necessary pre-dismissal notice and hearing required by due process. *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974).

■ Indeed, the due process notice requirement is satisfied if the means of notice is reasonably calculated to apprise a party of the pending proceedings and to provide that party with an opportunity to present his or her objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Ault v. Department of Revenue,* 697 P.2d 24 (Colo.1985) (service by certified mail sufficient).

■ However, in the absence of explicit statutory language requiring it, a statute requiring the providing of notice by a specified means need not be strictly applied. In such a case, the statutory requirement may be waived, or a party may be estopped from insisting upon a literal compliance with its terms. *See Brock v. Nyland,* 955 P.2d 1037 (Colo.1998) (if statutory requirement for notice is not jurisdictional, requirement may be waived).

■ In addition, if the *type* of notice required is not a jurisdictional requirement, actual notice may be substituted for it. In *Blue v. Boss,* 781 P.2d 128 (Colo.App.1989), for example, a provision of the Administrative Procedure Act required that an agency decision be sent by registered mail. Such a procedure, according to *Blue,* was merely to provide proof that service of the decision had, in fact, been made and to fix the effective date for the commencement of any appeal from that decision. Hence, the fact that the notice in that case was sent only by regular mail became irrelevant given the acknowledgement that actual notice had been received.

Likewise, in *People v. Mascarenas,* 666 P.2d 101 (Colo.1983), although a prisoner had sent notice only to the court, while the pertinent statute required both the court and the prosecutor to receive notice, because the prosecutor had been provided actual notice by the clerk of the court, technical compliance with the statute was not required. *See also Northern Colorado Consortium, Inc. v. Office of Rural Job Training,* 728 P.2d 744 (Colo.App.1986).

Two decisions from other jurisdictions are most demonstrative of this principle. In *Crest Pontiac Cadillac, Inc. v. Hadley,* 239 Conn. 437, 685 A.2d 670 (1996), the statute required that the notice of decision be sent by registered or certified mail. However, the agency sent the notice by "bulk certified mail," which provided no proof of the receipt of any individual piece of mail. Nevertheless, all parties had, in fact, received the notice. The Connecticut court, noting that the word "shall" need not be construed in a mandatory sense if the statutory requirement relates merely to the establishment of an orderly procedure, rather than to a matter of substance, held that actual receipt of the notice obviated any defect in the method of service.

In *McComas v. Employment Department,* 133 Or.App. 577, 891 P.2d 1351 (1995), the agency sent the notice to a previous address, although it had the correct address in its files. Nevertheless, because the recipient actually received the notice, the statutory requirement for mailing to the last known address was not mandatory.

■ Of course, if the statute makes the type of notice described a jurisdictional prerequisite, a court must enforce the legislative intent. *See Brock v. Nyland, supra,* and *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990), in which the statute at issue, the Governmental Immunity Act, specifically decreed that the notice required "shall be a jurisdictional prerequisite to any action" under that act. *See* § 24–10–109(1), C.R.S.1999. No comparable provision is to be found within the Act here.

On the contrary, the statutory requirement for notice here was enacted to ensure compliance with due process mandates. Hence, it is evident here, as it was in *Blue v. Boss, supra,* that the requirement for certified mail was adopted simply to provide proof of service and of the date of service, so that no controversy respecting the time within which the teacher is to file objections and to request a hearing could arise. Hence, because this requirement is not jurisdictional, providing actual notice to the teacher by other means is also proper.

### B.

■ The district asserts that the evidence before the board establishes that on the day following the delivery of the documents to plaintiff's attorney, they were delivered to plaintiff for his review, and accordingly, plaintiff obtained actual notice at that time, thereby obviating the necessity for further notice. *See People v. Mascarenas, supra; Blue v. Boss, supra; Northern Colorado Consortium, Inc. v. Office of Rural Job Training, supra.* We agree.

The court hearing upon plaintiff's request for preliminary injunction occurred earlier on the same day that plaintiff and counsel appeared before the board. At that board hearing, the district's attorney asserted that, in the earlier court hearing, plaintiff's counsel had testified that he had delivered all of the documents to plaintiff for his review the day after he received them from the board. That assertion was not denied either by plaintiff or his counsel.

■ Because the district's attorney was present at the time this admission was made, he could properly refer to it, and it was competent evidence of the fact asserted. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986) (admissions by attorney during court proceedings binding on client).

We conclude, therefore, that, because this record establishes that plaintiff received actual notice of the board's charges on December 19, the absence of further notice given by certified mail did not affect the board's jurisdiction and was, in fact, irrelevant. *See Blue v. Boss, supra.*

### III.

 Plaintiff also argues that, even if his notice of objections and request for hearing were not timely filed with the board, nevertheless, the board was required to refer the question whether he had good cause for that delay to a hearing officer for resolution. We disagree.

Section 22–63–302, C.R.S.1999, contains detailed procedures to be used whenever the dismissal of a non-probationary teacher is under consideration. And, those provisions clearly delineate the respective functions to be performed by the district's chief administrative officer, its board, and any hearing officer that might be appointed. Significantly, no hearing officer is to be appointed until after a timely request for a hearing is made by the teacher. Section 22–63–302(4)(a), C.R.S.1999.

If the teacher's request for a hearing is untimely, however, no hearing is to be held unless "the board of education" determines that the failure to file a request for a hearing was due to good cause. Colo. Sess. Laws 1990, ch. 150, § 22–63–302(3), at 1124. This provision is clear on its face, and requires the board itself to resolve this issue. It is only if the board determines that a hearing is to be held that a hearing officer is to be appointed.

### IV.

 We do not address plaintiff's claim that the district was required to adopt a remediation plan for him, pursuant to § 22–63–302(8), C.R.S.1999. In our view, whether the basis for plaintiff's dismissal was "unsatisfactory performance" within the meaning of this statute, so that the adoption of such a plan was required, is an issue going to the merits of the case. It is an issue to be determined, in the first instance, by the hearing officer only if a hearing is to be held. It is unrelated to the issue addressed here, which is whether the board had jurisdiction to deny plaintiff a hearing.

The judgment of the district court is reversed, and the cause is remanded to that court with directions to dismiss plaintiff's complaint.

Judge MARQUEZ and Judge RULAND concur.