The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 21, 2023

## 2023COA123

**No. 22CA2006, *Bartenders v Department of Labor* — Labor and Industry — Colorado Wage Claim Act — Appeals of Administrative Actions — Deadline to Commence Action for Judicial Review**

A division of the court of appeals considers the novel issue of whether an appeal of an agency decision is timely where the applicable statute specifies that the time for appealing begins to run when the agency mails its decision, the appellants could not discern from the decision when it was mailed, and the appellants' appeal would have been late if the agency had mailed the decision on the date it was issued. The division holds that, under these circumstances, the appellants' appeal is not untimely even though it was filed past the deadline premised on the issuance date.

The division also considers and rejects the agency's argument that the appellants' actual notice of the agency decision started the time for their appeal.

Accordingly, the judgment is reversed, and the division remands the case to the district court to adjudicate the appellants' appeal on the merits.

COLORADO COURT OF APPEALS        **2023COA123**

Court of Appeals No. 22CA2006
City and County of Denver District Court No. 22CV31392
Honorable Karen L. Brody, Judge

Bartenders and More, a Colorado corporation, and Kristina Eccles,

Plaintiffs-Appellants,

v.

Colorado Department of Labor and Employment, Division of Labor Standards
and Statistics, a state administrative agency,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE LIPINSKY
Welling and Gomez, JJ., concur

Announced December 21, 2023

Jennifer L. Gokenbach, Denver, Colorado, for Plaintiffs-Appellants

Philip J. Weiser, Attorney General, Evan Brennan, Assistant Attorney General,
Denver, Colorado, for Defendant-Appellee

¶ 1     This case presents a novel question in Colorado: whether an appeal of an agency decision is timely where the applicable statute specifies that the time for appealing begins to run when the agency mails its decision, the aggrieved party could not discern from the decision when it was mailed, and the aggrieved party filed its appeal after the designated time if the agency mailed the decision on the date it was issued.  We also consider the related question whether, under these circumstances, the aggrieved party's actual notice of the agency decision started the time for appealing the decision.

¶ 2     Plaintiffs, Bartenders and More and Kristina Eccles (jointly, Bartenders), appeal the district court's order dismissing their complaint for judicial review of the decision (the Decision) of the Colorado Department of Labor and Employment, Division of Labor Standards and Statistics (the Division) that Bartenders is liable for fines under the Colorado Wage Claim Act, sections 8-4-101 to -125, C.R.S. 2023.  In its order, the district court found that "Bartenders failed to timely file [its] complaint for judicial review . . . within the 35 day deadline [specified in section 8-4-111.5(5), C.R.S. 2023],

1

depriving [the] Court of subject matter jurisdiction" over Bartenders' appeal.

¶ 3        Bartenders argues that the district court erred by (1) finding that the Decision informed Bartenders that it was mailed on April 12, 2022, and, thus, that Bartenders' time to appeal began to run on that date; and (2) deciding, in the alternative, that Bartenders' receipt of actual notice of the Decision via email on April 12, 2022, was sufficient to start the clock for the appeal period.  We agree with Bartenders' arguments and reverse.

I.        Background Facts and Procedural History

¶ 4        Bartenders provides staffing for private and corporate events. On November 5, 2021, the Division issued a citation and notice of assessment to, and imposed a $10,900 fine against, Bartenders for its alleged violation of the Wage Claim Act.  (This appeal does not concern the merits of the Division's allegations against Bartenders, and we take no position on them.)

¶ 5        Bartenders appealed the citation and fine, and a hearings officer of the Division conducted an evidentiary hearing.  (The Decision refers to the hearing officer as a "hearings officer," so we

do the same.)  On April 12, 2022, the hearings officer issued the Decision, in which he affirmed the earlier assessment, in part, and reduced the fine to $9,900.  The first page of the Decision specified a decision date, in bold:

DATE FILED: May 18, 2022
CASE NUMBER: 2022CV31392

**COLORADO DIVISION OF LABOR STANDARDS AND STATISTICS**

**HEARING OFFICER DECISION & ORDER**

Bartenders and More, and
Kristina Eccles                                                )
                                                               )
                                                               )        Case Number: 19-0005
                                                               )        (second investigation)
                                                               )
                                                               )
                        **APPELLANTS**                         )
                                                               )        Decision Number: 22-022
Division of Labor Standards and Statistics                     )
633 17th Street, Suite 600                                      )
Denver CO 80202                                                )        **Decision Date: April 12, 2022**
                        **APPELLEE**                           )

**DECISION**

¶ 6        (Bartenders' mailing and email addresses are redacted from the images included in this opinion.)

¶ 7        Below the signature of the hearings officer, a section of the Decision, also in bold, addressed the appeal period:

**APPEAL AND OTHER RIGHTS**

**This decision is final unless you appeal it within 35 calendar days of the decision date listed above.** Any party can appeal this decision. To appeal this decision, you must file an action for judicial review in a Colorado district court of competent jurisdiction. Colo. Rev. Stat. §§ 8-1-130, 8-4-111.5(5), 8-13.3-411, 24-4-106. To learn more about filing a court action, contact an attorney or contact the Colorado Judicial Branch at 303-606-2300 or www.courts.state.co.us/.

3

¶ 8     A certificate of service immediately follows the "APPEAL AND OTHER RIGHTS" section, followed by the hearings officer's signature:

> I certify that I provided a copy of this document to the state's Integrated Document Solutions (IDS) staff to mail, postage prepaid, to the parties named herein, this 12th day of April, 2022.
>
> *Raja Raghunath*
> _____

(The record does not indicate IDS's relationship to the Division — for example, whether IDS is a state agency, a department within the Division, or a third-party contractor.)

¶ 9     Bartenders received the Decision by mail on April 15, 2022. The record contains no further information regarding the mailing date, such as a postmark on the envelope containing the Decision that Bartenders received.

¶ 10    Bartenders does not dispute that the Division also emailed the Decision to Bartenders on April 12, 2022, and, therefore, Bartenders received actual notice of the Decision on that date. Like the "APPEAL AND OTHER RIGHTS" section of the Decision, the Division's transmittal email mentions the time period to appeal:



**STATE OF COLORADO**

di_appeals - CDLE , CDLE <cdle_di_appeals@state.co.us>

---

**Decision and Order of Appeal**

**di_appeals - CDLE , CDLE**                                         Tue, Apr 12, 2022 at 10:36 AM
To: Jennifer Gokenbach                         "Kristina D. Eccles"
"Donachy - CDLE, Mary"    CDLE LS Direct Investigations - CDLE

Good morning,

Attached is the Hearing Officer's Decision and Order. This decision is final unless you appeal it within 35 calendar days of the decision date.

Like the Decision, the email does not state the date on which the Decision was mailed.

¶ 11 At 12:14 a.m. on May 18, 2022 — thirty-six days following the date of the Decision — Bartenders filed its complaint for judicial review of the Decision pursuant to section 8-4-111.5(5).  The Division moved to dismiss the complaint, arguing that it was untimely and, therefore, that the district court lacked jurisdiction over Bartenders' appeal.

¶ 12 The district court agreed with the Division, stating that "Bartenders failed to timely file [its] complaint for judicial review under . . . [section 8-4-111.5(5)] within the 35 day deadline, depriving [the] Court of subject matter jurisdiction" over the appeal. The district court supported its decision with its finding that the

statements in the Decision, including the certificate of service, apprised Bartenders that the Decision was mailed on April 12, 2022. The district court also found, in the alternative, that Bartenders' receipt of actual notice of the Decision via email on April 12, 2022, was sufficient to start the time for Bartenders' appeal on that date.

## II. Analysis

### A. Standard of Review

¶ 13 Whether and when notice was mailed is a question of fact. *See EZ Bldg. Components Mfg., LLC v. Indus. Claim Appeals Off.*, 74 P.3d 516, 519 (Colo. App. 2003). We review findings of fact for clear error, "meaning that we won't disturb such findings if there is any evidence in the record supporting them." *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 24, 490 P.3d 598, 606, *aff'd*, 2021 CO 56, 489 P.3d 735.

¶ 14 But we review de novo the district court's conclusion that the mailing date of the Decision can be discerned from the text of the Decision. *See GMAC Mortg. Corp. v. PWI Grp.*, 155 P.3d 556, 557 (Colo. App. 2006) ("The interpretation of a written document presents a question of law subject to de novo appellate review.").

6

We are not bound by the district court's interpretation of the Decision. *See Colard v. Am. Fam. Mut. Ins. Co.,* 709 P.2d 11, 13 (Colo. App. 1985) (holding that an appellate court is not bound by a trial court's interpretation of a written document).

¶ 15    We also review de novo the district court's reading of section 8-4-111.5(5), *see MDC Holdings, Inc. v. Town of Parker,* 223 P.3d 710, 717 (Colo. 2010), and the district court's "determination of [its] subject matter jurisdiction" over Bartenders' appeal, *see Medina v. State,* 35 P.3d 443, 452-53 (Colo. 2001).

### B.    Applicable Law

¶ 16    Section 8-4-111.5(5) specifies the deadline for appealing the Division's decisions.  The statute states, in relevant part, that "[a]ny party to the administrative proceeding may appeal the hearing officer's decision only by commencing an action for judicial review in the district court of competent jurisdiction within thirty-five days *after the date of mailing of the decision by the [D]ivision.*" § 8-4-111.5(5) (emphasis added).

7

## C. Because Bartenders Could Not Discern When the Decision Was Mailed, It Did Not Know the Deadline for Its Appeal

¶ 17 Bartenders argues that it could not discern the date on which the Decision was mailed and, therefore, it did not know the deadline for its appeal. Bartenders notes that the certificate of service in the Decision only indicates "the date that the hearing officer handed the Decision to the IDS staff, not the date that the staff put the Decision in the mail." In addition, Bartenders asserts that the statement in the Decision and in the transmittal email that the deadline to appeal is thirty-five days from "the decision date" is not an accurate statement of the law. We agree.

¶ 18 To resolve this appeal, we need not decide when the Division mailed the Decision or whether the record supports the district court's determination of that date. We know the Decision was mailed on one of four dates — April 12, 2022; April 13, 2022; April 14, 2022; or April 15, 2022 — because the Decision is dated April 12, 2022, and Bartenders received the Decision in the mail on April 15, 2022. Moreover, we need not decide whether an individual who provides a document to a third party for mailing on a specified date

8

can accurately state in a certificate of service that the document was mailed on such date. (We also need not decide whether the date on which *IDS* mailed a Division decision can constitute "the date of mailing of the decision *by the [D]ivision.*" § 8-4-111.5(5) (emphasis added).)

¶ 19 Rather, we must determine whether the Decision contained the date of the event — mailing by the Division — that starts the time for an appeal of a Division decision under section 8-4-111.5(5), such that Bartenders could discern from the Decision the deadline for its appeal.

¶ 20 The Division offers four related arguments in support of its contention that the Decision contained a mailing date of April 12, 2022. The Division argues, first, that the mailing date appears on the face of the Decision; second, that the date appears in the certificate of mailing at the end of the Decision; third, that the Division provided proof that it submitted the Decision to IDS for processing on that date (i.e., a screenshot showing that the hearing officer placed the Decision in a file for processing as outgoing mail); and fourth, that Bartenders could discern the mailing date from the

9

statement in the Decision and the Division's transmittal email that the Decision "is final unless you appeal it within 35 calendar days of the decision date listed above."

¶ 21 The Division's first argument fails because the date of the Decision was not necessarily the date on which the Decision was mailed. There is a material distinction between issuing an administrative decision and mailing it. *Cf. Fontanari, Tr. of Fontanari Fam. Revocable Tr. v. Colo. Mined Land Reclamation Bd.*, 2023 COA 15, ¶ 24, 529 P.3d 615, 623 (interpreting "issuance" to mean "sending out or distributing officially"). The mere inclusion in the Decision of the date on which the hearings officer issued it did not communicate when the Division mailed the Decision.

¶ 22 We also reject the Division's second argument — that the date on which the hearings officer provided the Decision to IDS for mailing means that the Decision was mailed on that date. Under section 8-4-111.5(5), it is the "mailing of the decision by the [D]ivision" — not the date on which the Division provides the Decision to a third party for mailing — that triggers the deadline to appeal. For this reason, a decision of the Division must include the

date on which the Decision was placed in the mail, and not merely the date of an intermediate step in the mailing process. *See, e.g., Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1266 (10th Cir. 1999) ("Service by mail is complete upon mailing." (quoting Fed. R. Civ. P. 5(b) (1999))).

¶ 23    For this same reason, the Division's third argument — that "the Division provided proof" that it submitted the Decision to IDS — also does not establish the date on which the Division mailed the Decision. Such "proof" is a screenshot from an unidentified web page that the Division attached to its motion to dismiss:



¶ 24    Like the certificate of service in the Decision, the screenshot does not contain a mailing date. It merely refers to the hearings officer's *request* to IDS to mail "19-0005 (second investigation) Bartenders and More et al." (And even if the screenshot contained

the date on which the Decision was mailed, the Division did not provide the screenshot to Bartenders until after Bartenders had filed its complaint for judicial review and after the Division's urged deadline for doing so had passed.)

¶ 25     In addition, we reject the Division's fourth argument that, regardless of the mailing date, Bartenders knew from the statement regarding the appeal period in the Decision and the transmittal email that the deadline for appealing the Decision was thirty-five days from April 12, 2022.  The statement that "[t]his decision is final unless you appeal it within 35 calendar days of the decision date listed above" is meaningless, however, in the absence of a mailing date.  Section 8-4-111.5(5) specifies that an appeal of a decision of the Division must be initiated "within thirty-five days after *the date of mailing of the decision* by the [D]ivision" — not within thirty-five days of the *date of the decision*.  In the same way that "[a] rule may not modify or contravene an existing statute," a statement in an administrative decision may not modify or contravene statutory text.  *Colo. Consumer Health Initiative v. Colo.*

*Bd. of Health*, 240 P.3d 525, 528 (Colo. App. 2010) (citing *Ettelman v. Colo. State Bd. of Acct.*, 849 P.2d 795, 798 (Colo. App. 1992)).

¶ 26    For these reasons, we hold that the district court clearly erred by finding that the Decision contained the mailing date of the Decision and, thus, Bartenders could discern the deadline for its appeal.

### D.    Bartenders' Actual Notice of the Decision Did Not Start the Time for Its Appeal

¶ 27    The Division asserts that, even if the Decision did not contain the date on which it was mailed, Bartenders' time to appeal began to run when it received actual notice of the Decision via email on April 12, 2022.  We reject this contention based on the plain language of section 8-4-111.5(5) and principles of fundamental fairness and due process.

¶ 28    The parties devote a considerable portion of their arguments on actual notice to whether section 8-4-111.5(5) is a "jurisdictional" statute.  Bartenders asserts that section 8-4-111.5(5) is jurisdictional and, therefore, the Division must strictly comply with what Bartenders argues is a mailing requirement in the statute.  The Division responds that the statute is not jurisdictional and, for

13

that reason, an aggrieved party's receipt of actual notice of a Division decision is sufficient to start the time for the appeal of that decision. For two reasons, this jurisdictional debate does not aid our resolution of whether actual notice, in the absence of a mailing date in the Division decision, can start an aggrieved party's time to appeal that decision.

¶ 29    First, the parties mean two different things when arguing whether section 8-4-111.5(5) is "jurisdictional" — and both parties are partially correct. We agree with Bartenders that section 8-4-111.5(5) is jurisdictional in the sense that, once the time to appeal — thirty-five days from mailing — passes, the district court lacks jurisdiction over an appeal of the Division's decision. *See, e.g., Speier v. Indus. Claim Appeals Off.*, 181 P.3d 1173, 1174 (Colo. App. 2008) (holding that, because "[t]he statutory time periods within which workers' compensation petitions to review must be filed are jurisdictional," the Industrial Claim Appeals Office lacks jurisdiction over petitions for review filed after the statutory time period has run); *Sanchez v. Straight Creek Constructors*, 41 Colo.

App. 19, 21, 580 P.2d 827, 829 (1978) (characterizing appellate deadlines as "unmistakably jurisdictional in nature").

¶ 30     We also agree with the Division that mailing is not a jurisdictional prerequisite to a party's ability to file an appeal of a Division decision. Section 8-4-111.5(5) does not condition the finality, or a party's right to file an appeal, of a Division's decision on the mailing of that decision. Indeed, nothing in the statute says that the Division must mail its decisions, that its decisions are only final upon mailing, or that a party may only file an appeal of a Division decision if the Division has mailed it.

¶ 31     Second, and more importantly, the contours and limitations of the jurisdictional nature of section 8-4-111.5(5) have no bearing on whether actual notice can substitute for notice by mail to start the time to appeal a decision of the Division. Instead, it is the plain language of the statute that controls our analysis.

¶ 32     The plain and ordinary meaning of the language in section 8-4-111.5(5) is that a party must commence its appeal of a Division decision within "thirty-five days after the date of *mailing* of the decision by the [D]ivision." (Emphasis added.) Because this

15

language is unambiguous, we construe it as written and apply its words in accordance with their plain and ordinary meaning. *See Edwards v. New Century Hospice, Inc.*, 2023 CO 49, ¶ 15, 535 P.3d 969, 973; *see also 84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 334-36 (5th Cir. 2019) (holding that the provision of notice by email does not satisfy an unambiguous statutory provision requiring that notice "shall be served by mailing the same by registered or certified mail" (quoting La. Stat. Ann. § 38:2247 (2023))). Thus, providing an aggrieved party with a decision of the Division by actual notice alone cannot start the appeal period because section 8-4-111.5(5) unambiguously states that the appeal period only begins to run when the Division mails its decision.

¶ 33    Moreover, we cannot read section 8-4-111.5(5) without considering principles of fundamental fairness and due process. The Division cannot start the time for an appeal of one of its decisions by mailing the decision unless that date is communicated to the aggrieved party. Otherwise, that party would lose its appellate rights if it filed its appeal more than thirty-five days

16

following the mailing date — even though the Division never disclosed when it mailed the decision.

¶ 34     We next turn to *Feldewerth v. Joint School District 28-J*, 3 P.3d 467, 471 (Colo. App. 1999), which is central to the parties' arguments on actual notice.  The decision underscores how due process principles are integral to our interpretation of section 8-4-111.5(5).  In *Feldewerth*, a division of this court examined Colorado's Teacher Employment, Compensation, and Dismissal Act of 1990, which protects teachers' due process property interests in their employment.  3 P.3d at 471-72.  At the time of the events in *Feldewerth*, section 22-63-302(2), C.R.S. 1997, required a school district to deliver a notice of intent and related materials to a teacher by certified mail after deciding to dismiss the teacher.  In addition, the statute provided that, if the teacher wanted to contest the dismissal, the teacher was required to file a notice of objections and a request for a hearing "within seven days of the teacher's *receipt* of the notice of intended dismissal."  *Feldewerth*, 3 P.3d at 471 (emphasis added) (citing § 22-63-302(3), C.R.S. 1997).

17

¶ 35    In *Feldewerth*, the school district had dismissed a teacher, but it had not provided the teacher with notice by certified mail as section 22-63-302(2) required.  Instead, the school district, with the consent of the teacher's attorney, provided the notice of termination to the teacher's attorney.  *Feldewerth*, 3 P.3d at 469.  Several months after his attorney had received notice, the teacher appealed his dismissal to the district court, asserting that the school district was required to strictly comply with the certified mailing requirement and that its failure to do so "meant that the board did not have jurisdiction to proceed."  *Id.*  The district court vacated the school district's dismissal decision on the grounds that the school district had not provided the teacher with proper notice of its termination decision and, therefore, "did not properly invoke jurisdiction over the dismissal action."  *Id.*

¶ 36    On appeal, a division of this court held that the certified mailing requirement in section 22-63-302(2), C.R.S. 1997, was intended to "ensure compliance with due process mandates" and, specifically, "to provide proof of service and of the date of service, so that no controversy respecting the time within which the teacher is

18

to file objections and to request a hearing could arise." *Feldewerth*, 3 P.3d at 472.

¶ 37    Nonetheless, the division held that the teacher's due process rights had not been violated. *Id.* Because the teacher's attorney had agreed in advance to accept delivery of the school district's documents, due process was satisfied even though the school district had not complied with the statutory certified mail requirement. *Id.* Thus, the teacher received sufficient notice of his deadline to contest the school district's dismissal decision. He knew that such deadline began to run from the date of his "receipt of the notice" and that his attorney had agreed in advance to accept the school district's documents and thereby bypass the statutory certified mailing requirement.

¶ 38    In contrast, Bartenders' receipt of actual notice of the Decision on April 12, 2022, did not inform it when the time for its appeal began to run because, as we explain above, the Decision did not contain a mailing date. The mailing of the Decision was the only event that could start the time for Bartenders' appeal. Without this critical information, Bartenders could not determine the deadline

for its appeal.  *See Schmidt v. Commonwealth*, 433 A.2d 456, 458 (Pa. 1981) (observing that, if a taxpayer does not receive notification of the mailing date of the agency decision that commences the appeal period, he or she "can have no reliable basis for knowing the number of days remaining in which to file a petition for review").

¶ 39     Under the Division's reasoning, an administrative agency could force an aggrieved party to guess the deadline for the party's appeal of the agency's decision.  But as a matter of fundamental fairness, a party aggrieved by the decision of an administrative agency must be provided with notice of the deadline for its appeal. *See, e.g., Patterson v. Indus. Comm'n*, 39 Colo. App. 255, 257, 567 P.2d 385, 387 (1977) (holding that when an attorney "through no fault of his own is denied notice of a critical determination in a proceeding and consequently does not complete the procedural requisites necessary to preserve his client's right to appeal . . . [f]undamental fairness . . . dictates that claimant's review be permitted"); *see also Schmidt*, 433 A.2d at 458 (holding that the applicable statutory mailing requirement is not "a vehicle whereby an appeal could be dismissed . . . when the denial of such an

20

appeal would be manifestly unjust to the taxpayer who was never informed of the mailing date"). A government agency cannot so easily defeat the appellate rights of parties against whom it ruled. As the United States Supreme Court stated so eloquently, "the Government should turn square corners in dealing with the people." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. ___, ___,140 S. Ct. 1891, 1909 (2020) (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961) (Black, J., dissenting)).

¶ 40    Thus, we hold that, to comport with principles of fundamental fairness and due process, a court lacks jurisdiction over an appeal of a Division decision filed more than thirty-five days after the Division mailed the decision to the aggrieved party — but only if the Division informed that party when the Division mailed the Decision.

¶ 41    Lastly, the Division contends that "Bartenders' own conduct" — its "attempt to initiate [its] appeal in the middle of the night 35 days and 14 minutes later" — establishes that the Division had effectively communicated to Bartenders that the Decision was mailed on April 12, 2022. This undeveloped contention appears to build on the Division's actual notice argument. But Bartenders'

21

early morning filing of its complaint is of no consequence to our analysis.

¶ 42 Because Bartenders' receipt of actual notice of the Decision on April 12, 2022, did not apprise it of the mailing date of the Decision, the actual notice the Division provided to Bartenders could not start the thirty-five-day time period for Bartenders' filing of a complaint for judicial review.

## III.  Disposition

¶ 43 The judgment is reversed.  The case is remanded to the district court to adjudicate Bartenders' appeal on the merits.

JUDGE WELLING and JUDGE GOMEZ concur.