2014 CO 1

**In re: Michael YOUNG, as father and next friend to Dylan Bucy a minor child, and Amy Larson, as mother and next friend to Daniel Larson a minor child, Plaintiffs**

**v.**

**Jefferson County Sheriff and Deputy John E. HODGES, and Cristian A. Robinson, Defendants.**

**Supreme Court Case No. 13SA216**

Supreme Court of Colorado.

January 13, 2014

Bachus & Schanker, L.L.C., Maaren L. Johnson, Denver, Colorado, Attorneys for Plaintiffs.

Ellen G. Wakeman, Jefferson County Attorney, Writer Mott, Assistant County Attorney, Rebecca Klymkowsky, Assistant County Attorney, Golden, Colorado, Attorneys for Defendants Jefferson County Sheriff and Deputy John E. Hodges.

No appearance by or on behalf of Cristian A. Robinson.

**Rule Made Absolute**

JUSTICE RICE delivered the Opinion of the Court.

¶1 In this original C.A.R. 21 proceeding, we review the trial court's Order denying the Jefferson County Sheriff's and Deputy John Hodges's (collectively, "the County") Renewed Motion to Dismiss on Grounds of Immunity ("Renewed Motion"). We issued a Rule to Show Cause why the trial court's Order should not be vacated. We now hold that the trial court erred in finding that allegations of negligence alone are sufficient to overcome the statutory grant of immunity and the presumption of good faith afforded to law enforcement officers pursuant to section 19–2–508(7), C.R.S. (2013). Accordingly, we vacate the trial court's Order, make the rule absolute, and remand to the trial court for further proceedings consistent with this opinion.

## I.  Facts and Procedural History

¶2 On July 28, 2010, Deputy Hodges was lawfully transporting Daniel Larson and Dylan Bucy (collectively, "the Juveniles") from a court hearing to the Mount View Youth Services Center. The Juveniles were seated in the rear of a van, handcuffed. While the van was en route, Cristian Robinson,[1] another driver, allegedly turned into an intersection without yielding and collided with the van. As a result of the collision, the Juveniles sustained multiple injuries.

¶3 The Juveniles filed suit against the County, alleging that Deputy Hodges acted negligently by (1) failing to secure their seatbelts, and (2) driving into the intersection without ensuring that it was clear. Initially, the County filed a Partial Motion to Dismiss ("Motion"), claiming that it was immune pursuant to the Colorado Governmental Immunity Act ("CGIA"). The trial court denied the Motion, and the County filed an interlocutory appeal pursuant to section 24–10–108, C.R.S. (2013), of the CGIA. The court of appeals affirmed the trial court's denial of the Motion, holding that the County had waived its immunity under the CGIA.

---

1. Although Robinson was also named as a defendant in the underlying action, the Juveniles' claims against Robinson are not relevant to the governmental immunity issue presented here.

¶ 4 Thereafter, the County filed a Renewed Motion pursuant to C.R.C.P. 12(b)(1), this time citing section 19–2–508(7) of the Children's Code as the source of its governmental immunity. Section 19–2–508(7) provides for immunity from civil or criminal liability for law enforcement officers "acting under the direction of the court who in good faith transport[ ] any juvenile." Importantly, the statute explicitly states that the good faith of any person who qualifies for immunity under section 19–2–508(7) "shall be presumed."

¶ 5 After conducting an evidentiary hearing regarding whether Deputy Hodges had secured the Juveniles' seatbelts, the trial court denied the County's Renewed Motion. Specifically, the trial court found that the County was not entitled to immunity under section 19–2–508(7) because the Juveniles had offered sufficient evidence to "infer that [Deputy] Hodges failed to act in faithfulness to his duty or obligation to secure the [Juveniles] and accordingly did not transport the [Juveniles] in good faith."

¶ 6 After the trial court denied the County's Motion for Certification for Interlocutory Appeal pursuant to C.A.R. 4.2, the County petitioned this Court for review of the trial court's Order pursuant to C.A.R. 21. The County argued that the trial court erred as a matter of law in finding that negligence alone is sufficient to overcome the presumption of good faith in section 19–2–508(7). We issued a Rule to Show Cause why the trial court's Order should not be vacated.

## II. Original Jurisdiction

¶ 7 Original relief pursuant to C.A.R. 21 is an extraordinary remedy that is warranted only when no other adequate remedy is available. In such circumstances, this Court will generally exercise original jurisdiction if the petition raises an issue of first impression that is of significant public importance. *In re Marriage of Wiggins*, 2012 CO 44, ¶ 12, 279 P.3d 1.

¶ 8 Exercise of our original jurisdiction is warranted in this case because there is no other adequate remedy available to the County. First, the normal appellate process is fundamentally inadequate because erroneously permitting this case to proceed to trial would necessarily eviscerate the benefits of immunity. *See Wood v. People*, 255 P.3d 1136, 1141 (Colo.2011) ("[B]ecause the purpose of the statutory immunity is to spare the defendant the burden of trial, review of a pretrial [immunity] determination should occur, if at all, prior to trial."). Second, unlike the CGIA, section 19–2–508(7) does not explicitly provide for interlocutory appeal of a trial court's immunity determination. Thus, upon the trial court's denial of discretionary interlocutory appeal pursuant to C.A.R. 4.2, the County's only pretrial option for challenging the trial court's Order was to petition for relief pursuant to C.A.R. 21.

¶ 9 Moreover, this case presents an issue of first impression that is of significant public importance. This Court has not yet determined whether allegations of negligence alone are sufficient to overcome the statutory grant of immunity and the presumption of good faith under section 19–2–508(7). Resolution of this issue as early as possible in the litigation process is important, as it not only furthers judicial efficiency but also honors the fundamental purpose of immunity.

## III. Standard of Review

¶ 10 In most cases, "immunity determinations raised pursuant to a C.R.C.P. 12(b)(1) motion are reviewed under the clearly erroneous standard because they are essentially factual." *Corsentino v. Cordova*, 4 P.3d 1082, 1087 (Colo.2000). When a trial court's immunity determination implicates a pure question of law, however, we review it de novo. *Id.* Here, the trial court's determination that negligence alone is sufficient to overcome the presumption of good faith under section 19–2–508(7)—and therefore destroy the County's immunity—implicates a question of law.

## IV. Analysis

¶ 11 We hold that allegations of negligence alone are not sufficient to overcome the statutory grant of immunity and the presumption of good faith afforded to law enforcement officers under section 19–2–

508(7).[2] Our conclusion is supported both by basic principles of statutory construction and by Colorado appellate precedent. Because the trial court erroneously concluded that the Juveniles' allegations of negligence were sufficient to overcome the presumption that Deputy Hodges acted in good faith when transporting them, we vacate the trial court's Order and make the rule absolute.

¶ 12 Principles of statutory construction anchor our conclusion that allegations of negligence alone are not sufficient to rebut the presumption of good faith under section 19–2–508(7). It is well-established that legislative intent is the "polestar" in statutory construction and that we "will not construe a statute in such a way as to defeat the legislative intent." *People v. Lee*, 180 Colo. 376, 381, 506 P.2d 136, 139 (1973). By providing immunity for law enforcement officers who transport juvenile detainees, the legislature has expressed its clear intent that such officers be shielded from liability that might otherwise attach to them. The legislature's decision to incorporate a presumption of good faith into section 19–2–508(7) further underscores its commitment to protecting certain law enforcement officers from liability.

¶ 13 Given the legislature's clear intent that section 19–2–508(7) shield qualifying law enforcement officers from liability—our polestar in interpreting the statute—it follows that negligence alone is not sufficient to rebut the presumption of good faith. Indeed, if negligence were sufficient, the immunity afforded by section 19–2–508(7) would be gutted because law enforcement officers would have to demonstrate a complete lack of negligence—meaning they would not be liable in the first place—in order to receive

immunity. Such a result is illogical because it would render the immunity provided by section 19–2–508(7) illusory and therefore defeat the legislature's intent. Accordingly, we conclude that the party seeking to rebut the presumption of good faith under section 19–2–508(7) must allege something more than negligence.

¶ 14 Colorado appellate precedent further supports our conclusion. Specifically, in *Montoya ex rel. Montoya v. Bebensee*, 761 P.2d 285, 289 (Colo.App.1988), the court of appeals considered whether allegations of negligence were sufficient to rebut the presumption of good faith provided for persons reporting child abuse under a different provision of the Children's Code, section 19–3–309, C.R.S. (2013).[3] The plaintiff, Paul Montoya, sued his children's psychologist and the psychologist's associate, Barbara Bebensee, after Bebensee filed a report with the county accusing Montoya of sexually abusing one of his children. 761 P.2d at 286. Among other things, Montoya alleged that Bebensee acted negligently in reporting the suspected child abuse because she failed to perform any psychological tests on the child, refused to speak with Montoya before reporting him, and disregarded reports from other professionals who disagreed with her assessment. *Id.* at 286–87.

¶ 15 Although the court of appeals held that Bebensee owed Montoya a duty of care in formulating her opinion regarding the existence of child abuse, it noted that the legislature immunized Bebensee under section 19–3–309 "from liability for actions that would otherwise constitute a breach of [her] duty." *Id.* at 289. Emphasizing the absence of any allegation that Bebensee reported the suspected child abuse in bad faith,[4] the court

2. Our holding is tailored to address only this narrow point of law. We do not, explicitly or implicitly, consider the interaction between the CGIA and section 19–2–508(7). *Cf. Fleckman v. City of Greeley*, 673 P.2d 376, 377–78 (Colo.App. 1983) (holding that a municipal ordinance limiting the plaintiff's right to sue the city was void because it (1) prohibited conduct of statewide concern, and (2) conflicted with the CGIA by imposing a requirement more onerous than that imposed by the CGIA).

3. A prior version of the child abuse reporting statute, section 19–10–110, C.R.S. (1986), was in effect at the time *Montoya* was decided in 1988. A year later, the legislature renumbered and amended section 19–10–110 to its current form, section 19–3–309. For clarity, we cite only to section 19–3–309 when discussing the child abuse reporting statute.

4. Although the court of appeals concluded that the allegations tied to Montoya's *negligence* claim were insufficient to overcome the statutory presumption of good faith under section 19–3–309,

of appeals concluded that Montoya's negligence claim failed "because the statute, by its language concerning reports made in good faith, prohibits negligence alone from forming the basis of such a claim." *Id.*

¶ 16 Our holding that negligence alone is not sufficient to overcome the presumption of good faith in the juvenile detainee transport context chimes with the court of appeals' holding in *Montoya.*[5] Although reporting child abuse is distinguishable from transporting juvenile detainees in some ways, section 19–3–309 and section 19–2–508(7) share several fundamental features. Both provisions are codified within the Children's Code, both provide immunity from civil and criminal liability for specific persons' conduct related to children, both reflect important public policy determinations made by the legislature, and both clearly indicate that the good faith of any person who qualifies for immunity "shall be presumed." Thus, *Montoya* supports our holding that the party seeking to rebut the presumption of good faith under section 19–2–508(7) must allege something more than negligence.

## V. Conclusion

¶ 17 We hold that allegations of negligence alone are not sufficient to overcome the immunity and the presumption of good faith provided by section 19–2–508(7). To hold otherwise would impermissibly defile the legislature's attempt to immunize qualifying law enforcement officers from liability. Accordingly, we vacate the trial court's Order, make the rule absolute, and remand to the trial court for further proceedings consistent with this opinion.

the court nonetheless held that the allegations tied to Montoya's outrageous conduct and intentional infliction of emotional suffering claims— which asserted that Bebensee acted "willfully and in wanton disregard of [Montoya's] rights and feelings"—were sufficient. 761 P.2d at 289. Thus, Bebensee ultimately was not immune under section 19–3–309. *Id.*

5. We therefore reject the Juveniles' assertion that the 1989 amendment to the child abuse statute— which added language consistent with *Montoya* to clarify that only "willful, wanton, and malicious" conduct is sufficient to rebut the presumption of good faith—requires us to overrule *Montoya.* Far from denigrating the court of appeals' holding, the legislature's decision to add consistent, clarifying language demonstrates its agreement with, and implicit approval of, *Montoya.*