Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us. Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 25, 2023

**2023 CO 49**

**No. 23SA91, *Edwards v. New Century Hospice, Inc.* — Statutory Immunity —
Principles of Statutory Interpretation — Definition of "Person."**

The supreme court considers whether the trial court properly denied

immunity to corporate defendant and its subsidiaries under four different statutes.

Three of the statutes only authorize immunity for a "person." § 12-20-402(1),

C.R.S. (2022); § 12-255-123(2), C.R.S. (2022); § 18-6.5-108(3), C.R.S. (2022). Relying

on the plain meaning of "person," the supreme court holds that a corporate

defendant is not entitled to immunity because it does not meet the definition of

"person" as defined in these three statutes.

The fourth statute explicitly entitles corporations to immunity, but only if

certain conditions are met. *See* § 18-8-115, C.R.S. (2022). Applying the plain

language of the statute, the supreme court holds that the defendant in this case is

not entitled to summary judgment on the issue of immunity under this statute

because it failed to demonstrate that all such conditions were met.

Accordingly, the court discharges the rule to show cause.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2023 CO 49

**Supreme Court Case No. 23SA91**
*Original Proceeding Pursuant to C.A.R. 21*
District Court, City and County of Denver, Case No. 21CV30427
Honorable Mark T. Bailey, Judge

**In Re**
**Plaintiff:**

Tana Edwards,

v.

**Defendants:**

New Century Hospice, Inc.; Legacy Hospice, LLC, d/b/a New Century Hospice of Denver, LLC; Legacy Hospice of Colorado Springs, LLC; and Kathleen Mary Johnson.

**Rule Discharged**
*en banc*
September 25, 2023

**Attorneys for Plaintiff:**
Patricia S. Bellac Law Firm, LLC
Patricia S. Bellac
 *Boulder, Colorado*

Swain Law, LLC
Hunter A. Swain
 *Denver, Colorado*

**Attorneys for Defendants:**
Jackson Lewis P.C.
Tiffany E. Alberty
    *Denver, Colorado*

**Attorneys for Respondent District Court, City and County of Denver:**
Philip J. Weiser, Attorney General
LeeAnn Morrill, First Assistant Attorney General
    *Denver, Colorado*

**CHIEF JUSTICE BOATRIGHT** delivered the Opinion of the Court, in which **JUSTICE GABRIEL**, **JUSTICE HART**, **JUSTICE SAMOUR**, and **JUSTICE BERKENKOTTER** joined.
**JUSTICE HOOD**, joined by **JUSTICE MÁRQUEZ**, specially concurred.

CHIEF JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶1     In this original proceeding pursuant to C.A.R. 21, we review the trial court's order denying immunity to Defendant New Century Hospice, Inc. and its subsidiaries, Defendants Legacy Hospice, LLC, d/b/a New Century Hospice of Denver, LLC, and Legacy Hospice of Colorado Springs, LLC (collectively, "New Century"). New Century argues that it is entitled to immunity under four different statutes.

¶2     Three of the statutes—section 12-20-402(1), C.R.S. (2022) ("the Professions Act"), section 12-255-123(2), C.R.S. (2022) ("the Nurse Practice Act"), and section 18-6.5-108(3), C.R.S. (2022) ("the Mandatory Reporter statute")—only authorize immunity for a "person." Relying on the plain meaning of "person," we hold that New Century is not entitled to immunity under these three statutes because it is a corporation, not a person.

¶3     The fourth statute—section 18-8-115, C.R.S. (2022) ("the Duty to Report statute")—explicitly entitles corporations to immunity, but only if certain conditions are met. Applying the plain language of the statute, we hold that New Century is not entitled to summary judgment on the issue of immunity under this statute because it did not carry its burden of demonstrating that all such conditions were met.

¶4     Accordingly, we discharge the rule to show cause.

3

## I. Facts and Procedural History

¶5 Tana Edwards brought this action against New Century (her former employer) and Kathleen Mary Johnson, the Director of Operations for New Century Castle Rock (collectively, "Defendants"). As part of her employment with New Century, Edwards provided in-home care to an elderly patient.

¶6 In December 2019, Johnson began to suspect that Edwards was diverting pain medications from the patient. Defendants reported the suspected drug diversion to the Castle Rock Police Department and the Colorado Department of Public Health and Environment ("CDPHE"). Defendants also lodged a complaint against Edwards's nursing license with the Colorado Board of Nursing ("the Board").

¶7 After investigations, no criminal charges were filed and no formal disciplinary actions were taken against Edwards. Edwards subsequently brought this action against Defendants, alleging claims for negligent supervision and negligent hiring against New Century, as well as claims for defamation and intentional infliction of emotional distress against New Century and Johnson.

¶8 Defendants filed a motion for summary judgment. The trial court granted the motion as to Edwards's claims for negligent hiring, defamation, and intentional infliction of emotional distress, finding that the claims were either time-barred or could not be proven.

4

¶9 But the court denied the motion as to Edwards's negligent supervision claim against New Century. The trial court concluded that New Century was not entitled to immunity under the Professions Act, the Nurse Practice Act, or the Mandatory Reporter statute because those statutes only provide immunity for a "person," a term that does not include corporations like New Century. As to the Duty to Report statute, the trial court concluded that it was disputed whether New Century had complied with the statute, which provides for immunity where a party "disclose[s] information concerning a suspected crime to other persons or corporations for the purpose of giving notice of the possibility that other such criminal conduct may be attempted which may affect the persons or corporations notified." § 18-8-115. Namely, the court concluded that New Century had failed to meet its initial burden of showing, as a matter of law, that (1) the Board was a "person" or "corporation," or (2) New Century reported Edwards to the Board for the purpose of notifying it that Edwards might attempt other criminal conduct that would affect it.

¶10 New Century filed a motion for reconsideration pursuant to C.R.C.P. 60 and a motion for certification of a question of law pursuant to section 13-4-102.1, C.R.S. (2022), both of which the trial court denied. New Century then sought appellate relief under C.A.R. 21, and we issued a rule to show cause.

5

## II. Analysis

¶11    We begin by discussing our original jurisdiction under C.A.R. 21 to hear this matter. Next, we set forth our standard of review, principles of statutory interpretation, and the standards for evaluating a motion for summary judgment. We then analyze whether New Century is entitled to statutory immunity under the Professions Act, the Nurse Practice Act, or the Mandatory Reporter statute, all of which state that a "person" is entitled to immunity under certain conditions. Relying on the plain meaning of "person," we hold that New Century is not entitled to immunity under those three statutes because it is a corporation, not a person. Finally, we consider whether New Century is entitled to summary judgment regarding statutory immunity under the Duty to Report statute, which entitles corporations to immunity when certain conditions are met. Applying the statutory language and summary judgment standards, we hold that New Century is not entitled to summary judgment on the issue of immunity under this statute because, while the Board is a "person" for purposes of the Duty to Report statute, New Century failed to show that there was no genuine issue of material fact that it reported Edwards to the Board for the purpose of notifying the Board that Edwards might attempt other criminal conduct that would affect it.

## A. Original Jurisdiction

¶12    The exercise of our original jurisdiction under C.A.R. 21 is wholly within this court's discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). Because relief under C.A.R. 21 is extraordinary in nature, it will be granted "only when no other adequate remedy . . . is available." C.A.R. 21(a)(1). "In such circumstances, this [c]ourt will generally exercise original jurisdiction if the petition raises an issue of first impression that is of significant public importance." *Young v. Hodges*, 2014 CO 1, ¶ 7, 318 P.3d 458, 460.

¶13    There is no other adequate remedy available to New Century because the standard appellate process would require New Century to defend itself at trial, which "would necessarily eviscerate the benefits of immunity." *Id.* at ¶ 8, 318 P.3d at 460 (concluding that the exercise of original jurisdiction was warranted to review an order denying immunity to the defendant under a provision of the Children's Code). Additionally, we have not resolved whether corporations are entitled to immunity under the Professions Act, the Nurse Practice Act, or the Mandatory Reporter statute, and early resolution of this issue "furthers judicial efficiency . . . [and] honors the fundamental purpose of immunity." *Id.* at ¶ 9, 318 P.3d at 460. Therefore, we find it appropriate to exercise our original jurisdiction to hear this matter.

## B. Standard of Review and Principles of Statutory Interpretation

¶14 We review a trial court's summary judgment order de novo. *Rocky Mountain Planned Parenthood, Inc. v. Wagner*, 2020 CO 51, ¶ 19, 467 P.3d 287, 291. We also review questions of statutory interpretation de novo. *People v. Perez*, 2016 CO 12, ¶ 8, 367 P.3d 695, 697. And questions concerning immunity also implicate de novo review. *N. Colo. Med. Ctr., Inc. v. Nicholas*, 27 P.3d 828, 838 (Colo. 2001).

¶15 When interpreting a statute, our primary task is to "give effect to the intent of the General Assembly." *People v. Dist. Ct.*, 713 P.2d 918, 921 (Colo. 1986). "[W]here the plain language is unambiguous, we apply the statute as written." *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12, 488 P.3d 1140, 1143. "To ascertain the intent of the legislature, 'we look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings.'" *Chirinos-Raudales v. People*, 2023 CO 33, ¶ 13, 532 P.3d 1200, 1203 (quoting *Bill Barrett Corp. v. Lembke*, 2020 CO 73, ¶ 14, 474 P.3d 46, 49); *see also Cowen v. People*, 2018 CO 96, ¶ 14, 431 P.3d 215, 218 ("In the absence of a definition, we construe a statutory term in accordance with its ordinary or natural meaning." (alteration omitted) (quoting *FDIC v. Meyer*, 510 U.S. 471, 476 (1994))).

8

## C. Summary Judgment Standards

¶16    C.R.C.P. 56(c) provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party." *Cont'l Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). "In considering whether summary judgment is appropriate, a court grants the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts and resolves all doubts against the moving party." *Rocky Mountain Planned Parenthood, Inc.*, ¶ 20, 467 P.3d at 291. Because "summary judgment is a drastic remedy," it should "be granted only when there is a clear showing that the controlling standards have been met." *HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 887–88 (Colo. 2002).

## D. Professions Act, Nurse Practice Act, and Mandatory Reporter Statute

¶17    New Century argues that it is immune under the Professions Act, the Nurse Practice Act, and the Mandatory Reporter statute, all of which entitle a "person" to immunity under certain conditions. Relying on the plain meaning of "person," we hold that these three statutes do not provide immunity for corporations. Thus,

because New Century is a corporation rather than a person, we conclude that it is not entitled to immunity under these statutes.

## 1. Statutory Language

¶18     The Professions Act states that "any *person* who lodges a complaint pursuant to a part or article of this title . . . is immune from liability in any civil action brought against the individual for acts occurring while acting in the individual's capacity as director, board or commission member, staff, consultant, or witness" provided that the individual meets certain conditions.  § 12-20-402(1) (emphasis added).  Likewise, the Nurse Practice Act states that "any *person* who lodges a complaint pursuant to this part . . . is granted the same immunity and is subject to the same conditions for immunity as specified in [the Professions Act]." § 12-255-123(2) (emphasis added).  Finally, the Mandatory Reporter statute states that a "*person* . . . who reports mistreatment of an at-risk elder or an at-risk adult . . . to a law enforcement agency . . . is immune from suit and liability for damages in any civil action or criminal prosecution if the report was made in good faith."  § 18-6.5-108(3) (emphasis added).

¶19     Thus, to determine whether a corporation like New Century is entitled to immunity under these statutes, we must define the word "person."

10

## 2.  Definition of "Person" in Statutory Contexts

¶20    Because none of the three statutes defines "person," we look to the plain meaning of the word.  *See Chirinos-Raudales*, ¶ 13, 532 P.3d at 1203.  Black's Law Dictionary defines "person" as "[a] human being" or a "natural person."  *Person*, Black's Law Dictionary (11th ed. 2019).  While Black's Law Dictionary does not provide a definition for "natural person," Merriam-Webster defines "natural person" as "a human being as distinguished from a person (as a corporation) created by operation of law."  *Natural Person*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/*naturalperson*  [https:// perma.cc/9SZU-EX9M].

¶21    That said, Black's Law Dictionary also defines "person" as "[a]n entity (*such as a corporation*) that is recognized by law as having most of the rights and duties of a human being."  *Person*, Black's Law Dictionary (11th ed. 2019) (emphasis added).  But the dictionary cautions that this definition is only used in a technical sense and that the general use of "person" denotes a human being.  *Id.* (quoting 1 *English Private Law* § 3.18, at 142–43 (Peter Birks ed., 2000)); *see also Gonzales v. Mascarenas*, 190 P.3d 826, 832 (Colo. App. 2008) (J. Jones, J., specially concurring) ("The plain and ordinary meaning of 'person' is an individual human being."); *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 743 (N.D. Ill. 2014) ("Absent a more

expansive statutory definition of the word, 'person' does not generally include legal entities within its meaning.").

¶22 In addition to reviewing the ordinary meaning of words, we ascertain the intent of the legislature by looking "to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts." *Bill Barrett Corp.*, ¶ 14, 474 P.3d at 49. The Professions Act (which the Nurse Practice Act incorporates by reference) and the Mandatory Reporter statute each contain additional language that suggests that the legislature intended "person" to mean a human being.

¶23 The Professions Act repeatedly uses the word "individual," which Merriam-Webster Dictionary defines as "a single human being as contrasted with a social group or institution." *Individual*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/*individual* [https://perma.cc/FX44-9AMK]. Specifically, the Professions Act uses the term "individual" six times when outlining immunity eligibility. *See* § 12-20-402(1). The Professions Act further states that an individual is only immune for "acts occurring while acting in the individual's capacity as *director, board or commission member, staff, consultant, or witness*" — all positions that can only be filled by a human being. *Id.* (emphasis added).

12

¶24 Similarly, the Mandatory Reporter statute grants immunity to "[a] person, including but not limited to a person specified in paragraph (b) of subsection (1) of this section, who reports mistreatment of an at-risk elder or an at-risk adult." § 18-6.5-108(3). In turn, subsection (1)(b) lists professional positions—e.g., first responders, medical examiners, and social workers—that only natural people can fill. *See* § 18-6.5-108(1)(b). The Mandatory Reporter statute also states that "a person is not immune if *he or she* is the alleged perpetrator of the mistreatment." § 18-6.5-108(3) (emphasis added).

¶25 Therefore, while "person" *can* be defined as a corporate entity in some cases, its *plain and ordinary* meaning in the context of the Professions Act, the Nurse Practice Act, and the Mandatory Reporter statute is a human being. This interpretation also gives consistent, harmonious, and sensible effect to all parts of the three statutes.

¶26 New Century's reliance on the definition of "person" in section 2-4-401(8), C.R.S. (2022), doesn't persuade us otherwise. Section 2-4-401(8) defines "person" as "any individual, *corporation*, government or governmental subdivision or agency, business trust, estate, trust, limited liability company, partnership, association, or other legal entity." (Emphasis added.) But this definition "appl[ies] to every statute, *unless the context otherwise requires*." § 2-4-401 (emphasis added).

13

As we have established, the contexts of all three statutes require a narrower definition of "person" than that found in section 2-4-401(8).

¶27 New Century further argues that excluding corporations from these immunity protections is "grossly inconsistent with the purpose of the statutes" and will have a "chilling effect on the willingness of healthcare entities to communicate and report suspicions of elder exploitation and drug diversion." But "[i]t is not up to the court to make policy or to weigh policy." *Town of Telluride v. Lot Thirty-Four Venture, L.L.C.*, 3 P.3d 30, 38 (Colo. 2000). "When a statute is unambiguous, public policy considerations beyond the statute's plain language have no place in its interpretation." *Samuel J. Stoorman & Assocs., P.C. v. Dixon*, 2017 CO 42, ¶ 11, 394 P.3d 691, 695.

¶28 Accordingly, we conclude that corporations do not receive immunity under the Professions Act, the Nurse Practice Act, or the Mandatory Reporter statute.

## E. Duty to Report Statute

¶29 New Century next argues that it is entitled to immunity under the Duty to Report statute. Unlike the other statutes at issue here, the Duty to Report statute explicitly grants immunity to corporations when they disclose suspected criminal activity to other persons or corporations in certain circumstances. Specifically, the Duty to Report statute provides that "a corporation or person may disclose information concerning a suspected crime to other persons or corporations for the

14

purpose of giving notice of the possibility that other such criminal conduct may be attempted which may affect the persons or corporations notified." § 18-8-115. It further provides that "[w]hen acting in good faith, such corporation or person shall be immune from any civil liability for such reporting or disclosure." *Id.*

¶30    The trial court found that New Century hadn't "met [its] initial burden of showing" compliance with the Duty to Report statute. Specifically, the court ruled that New Century hadn't yet shown that (1) the Board was a "person" or "corporation," or (2) New Century "reported [Edwards] to the [Board] 'for the purposes of giving notice of the possibility that other such criminal conduct may be attempted which may affect' the [Board]."

¶31    Regarding the first condition, we conclude that the trial court erred in finding that it lacked sufficient information to determine whether the Board was a "person" or "corporation." The Board's classification is a purely legal question; the trial court needed no further facts to resolve it. As previously stated, unless the context otherwise requires, Colorado law defines "person" as "any individual, corporation, *government or governmental subdivision or agency*, business trust, estate, trust, limited liability company, partnership, association, or other legal entity." § 2-4-401(8) (emphasis added). Here, the context does not require us to diverge from this general definition. Unlike the Professions Act, the Nurse Practice Act, and the Mandatory Reporter statute, there is no language in the Duty to Report

15

statute to suggest that "person" should be defined exclusively as a human being. *See* § 18-8-115. Rather, the Duty to Report statute simply states that a corporation like New Century "may disclose information concerning a suspected crime to other *persons* or corporations for the purpose of giving notice of the possibility that other such criminal conduct may be attempted which may affect the *persons* or corporations notified." *Id.* (emphases added). There is nothing in the statute to suggest that the information must be reported to a natural person, such as using the words "individual" or "he or she." *See id.* Further, given that the statute grants immunity for disclosing information to corporations (i.e., a nonhuman entity), there is no logical reason to restrict the definition of "persons" to human beings. *See id.* Therefore, because the Board is a governmental subdivision or agency, it is a "person" for purposes of the Duty to Report statute. *See* § 12-255-105(1)(a), C.R.S. (2022) (classifying the Board as a type 1 entity); § 24-1-105(1)(a), C.R.S. (2022) (defining "entity" as "a principal department of the state or any division, institution, or part of a principal department, or any agency, board, commission, or unit of state government that is created in or assigned to a principal department of the state").

¶32    Regarding the second condition, however, we defer to the trial court's ruling that New Century failed to establish the nonexistence of a genuine issue of material fact regarding whether it reported Edwards to the Board for the purpose

16

of notifying the Board that other similar attempted criminal conduct could affect it. New Century insists that it is immune because, pursuant to the Duty to Report statute, it had a duty to disclose information to the Board. But this misreads the statute, which only creates a duty to report criminal activity to *law enforcement*. *See* § 18-8-115 ("It is the duty of every corporation or person who has reasonable grounds to believe that a crime has been committed to report promptly the suspected crime to *law enforcement authorities*." (emphasis added)).[1] The issue here is whether New Century's report to *the Board* complied with the statute—i.e., whether New Century made that report for the purpose of notifying the Board that Edwards might attempt other criminal conduct which would affect it. *See id.* We are incapable of answering this question on the existing record. Therefore, we defer to the trial court's ruling that New Century failed to carry its burden of establishing the nonexistence of a genuine issue of material fact regarding its purpose for notifying the Board.[2]

---

[1] The parties appear to agree that New Century *is* entitled to immunity under the Duty to Report statute for its reports to the Castle Rock Police Department. Therefore, we decline to address that issue.

[2] New Century further argues that the trial court erred in not determining if immunity under the Duty to Report statute applies to New Century's reports to CDPHE along with its reports to the Board. While CDPHE is a governmental subdivision or agency, the same question remains; it is currently a disputed issue of fact whether New Century made its report to CDPHE for the purpose of notifying CDPHE that it would be affected by similar criminal conduct. Therefore,

## III. Conclusion

¶33     For the foregoing reasons, we discharge the rule to show cause.

**JUSTICE HOOD**, joined by **JUSTICE MÁRQUEZ**, specially concurred.

---

we conclude that New Century also failed to meet its burden as to reports it made to CDPHE.

JUSTICE HOOD, joined by JUSTICE MÁRQUEZ, specially concurring.

¶1 Despite the allure of New Century's policy arguments, I agree that the language and structure of these controverted immunity statutes immunize human beings, not corporations. I therefore join the court's opinion in full. Still, I write separately to urge the General Assembly to clarify whether it intended to provide similar immunity to corporate entities under section 12-20-402(1), C.R.S. (2023) ("the Professions and Occupations Act"); section 12-255-123(2), C.R.S. (2023) ("the Nurse and Nurse Aide Practice Act"); and section 18-6.5-108(3), C.R.S. (2023) ("the Mandatory Reporter statute").

¶2 What's at stake here is not lost on this court. And our legislature also obviously understands the magnitude of the opioid epidemic plaguing both our country, *see* Ctrs. for Disease Control & Prevention, *Understanding the Opioid Overdose Epidemic*, https://www.cdc.gov/opioids/basics/epidemic.html (last visited Sept. 18, 2023) [**https://perma.cc/KH8G-5734**] ("Over 75% of the nearly 107,000 drug overdose deaths in 2021 involved an opioid."), and our state, *see* Colo. Dep't of Pub. Health & Env't, *Counts of drug overdose deaths due to prescription opioids in Colorado, 2020-2022*, https://cohealthviz.dphe.state.co.us/t/PSDVIP-MHPPUBLIC/views/DrugOverdoseDashboard/ODDeathFrequencies? [**https://perma.cc/KZY6-VZ3H**] (documenting over 3,000 deaths from prescription pain

19

medications between 2020 and 2022, accounting for over half of all the drug overdoses in the state).

¶3     By providing immunity to individuals who report suspected prescription drug diversion, the legislature clearly seeks to encourage such reporting.  Yet the plain language of the controverted statutes provides different incentives to corporate healthcare providers and their employees.  Under the Professions and Occupations Act, the Nurse and Nurse Aide Practice Act, and the Mandatory Reporter statute, employees may assert immunity from civil claims after reporting a suspected drug diversion, yet the entities employing them may not.  This inconsistent treatment seems sufficiently striking that perhaps it was unintended. If so, I encourage the legislature to clarify through new legislation the scope of the immunity it meant to provide.

¶4     Therefore, I specially concur.