**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FIVE POINTS MANAGEMENT GROUP, INC.,

    Plaintiff - Appellant,

v.

CAMPAIGN, INC., a Delaware corporation; BRADLEY SEWELL, an individual,

    Defendants.

------------------------------

HARTMAN ART STUDIOS, LLC,

    Garnishee - Appellee.

No. 23-1125
(D.C. No. 1:20-CV-02599-RBJ)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.[**]
_____

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Under Colorado law, a garnishor may not collect from a garnishee more than the original creditor could collect. Here, the district court granted Plaintiff Five Points Management Group, Inc. ("Five Points") a writ of continuing garnishment on Appellee Hartman Art Studios, LLC ("Hartman") for any property owed to or owned by Defendant Campaign, Inc. ("Campaign") or Defendant Bradley Sewell ("Sewell"). Hartman declined to surrender a $27,000 security deposit it had received from Campaign because Hartman had retained the deposit as a setoff against unpaid rent. We conclude Hartman properly retained the security deposit. Therefore, Campaign has no right to it, and Five Points cannot obtain the security deposit through a garnishment action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Hartman owns real property commonly described as 3114 Larimer St., Denver, Colorado. Campaign entered a lease agreement to rent the property from Hartman for use as a furniture showroom and residence. Sewell—the founder of Campaign—personally guaranteed the lease and used the premises as a residence and place of business. Pursuant to the lease, Campaign tendered to Hartman a security deposit of $27,000.

The parties signed a five-year lease, but after only eight months, Campaign's board voted to dissolve the corporation, and the lease terminated. At termination, Campaign owed Hartman $67,500 in unpaid rent. The lease permitted Hartman to retain the security deposit at the lease's termination as payment for outstanding rent. Hartman and Sewell also agreed orally that Hartman would retain the security

2

deposit, but Hartman did not notify Campaign in writing of Hartman's retention of the deposit.

In the current action, Five Points obtained a judgment against Campaign and Sewell from the district court. In execution of this judgment, the district court directed a writ of garnishment served on Hartman for any "personal property owed to or owned by" Campaign or Sewell. But Hartman declined to surrender the $27,000 security deposit. Hartman argued it had no personal property belonging to Defendants, and that the security deposit was ineligible for garnishment because Hartman had previously retained the deposit as a "setoff against unpaid rent."

In response, Five Points filed its Traverse of Answer to Writ of Garnishment, presenting two arguments under Colorado law. First, Five Points argued Hartman could not retain the security deposit as a setoff against unpaid rent because section 38-12-103 of the Colorado Revised Statutes ("Security Deposit Statute") required Campaign to give written notice of retainment within sixty days of the lease's termination. See Colo. Rev. Stat. Ann. § 38-12-103 (West 1976). Second, Five Points argued the Security Deposit Statute entitled Five Points to seek treble damages for Campaign's willful failure to return the security deposit to Hartman.

The district court denied Five Points's Traverse, holding that, under Colorado Rule of Civil Procedure 103 § 10, Hartman had properly set off the security deposit against unpaid rent under the terms of the lease. Thus, Five Points could not garnish the security deposit. The district court also held that Five Points could not collect treble damages. Five Points appeals both holdings.

3

II.

The parties agree that we should review the district court's garnishment order for abuse of discretion.[1]  A court abuses its discretion if it bases its decision on an erroneous legal conclusion, or if no rational factual basis founds its ruling.  Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995) (quoting Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990)).  Within this analysis, we review questions of law de novo. N.M. Dep't of Game & Fish v. United States Dep't of the Interior, 854 F.3d 1236, 1245 (10th Cir. 2017) (quoting Fish v. Kobach, 840 F.3d 710, 723 (10th Cir. 2016)).

Federal Rule of Civil Procedure 69(a)(1) requires us to apply the garnishment rules of the state where the district court is located.  See Okla. Radio Assocs. v. FDIC, 969 F.2d 940, 942 (10th Cir. 1992) (explaining that state rules govern post-judgment proceedings absent controlling federal rules).  Because this appeal comes from the United States District Court for the District of Colorado, we apply Colorado law.  Under Colorado law, a garnishor may not collect from a garnishee more than the original creditor could personally collect.  Kinzie v. Alexander, 120 P.2d 194, 195 (Colo. 1941) (citing Green v. Green, 113 P.2d 427, 428 (Colo. 1941)).  This principle prevents Five Points from collecting from Hartman any funds that Campaign or Sewell could not collect from Hartman.  So this appeal hinges on a simple inquiry: could Campaign collect the security deposit from Hartman?

---

[1] Although no precedent sets our standard of review for a garnishment order, the parties' agreement accords with the practice of the Fifth Circuit.  See United States v. Clayton, 613 F.3d 592, 595 (5th Cir. 2010) (quoting United States v. Seymour, 275 Fed. App'x. 278, 280 (5th Cir. 2008)).

We hold that Hartman does not owe Campaign the return of the security deposit.  As a starting point, the district court found—and neither party challenges—that the lease unambiguously permits Hartman to retain the security deposit as a setoff against any unpaid rent.  The district court also found—and neither party challenges—that the amount of unpaid rent ($67,500) exceeds the security deposit Hartman retained ($27,000).  So if we enforce the plain terms of the lease, Hartman may retain all $27,000 of the security deposit.

Five Points argues we should not enforce the plain terms of the lease because the lease's security deposit retainment clause conflicts with the Security Deposit Statute.  The Security Deposit Statute requires certain landlords to "provide the tenant with a written statement listing the exact reasons for the retention of any portion of the security deposit."  Colo. Rev. Stat. Ann. § 38-12-103(1) (West 1976).  Failure to provide an accounting results in forfeiture of the right to retain a security deposit as a setoff against unpaid rent and exposes the landlord to liability for treble damages.  Id. §§ 38-12-103(2), (3)(a).  Defendants concede that Hartman did not provide Campaign with a written accounting of Hartman's retention of the security deposit.  Even so, the Security Deposit Statute does not apply to all leases, and we hold that it does not apply to Campaign's lease with Hartman.

By its terms, the Security Deposit Statute only applies to lessors who are persons, not corporations.  The Security Deposit Statute requires a landlord to provide a "tenant" with written notice before retaining a security deposit.  Five Points concedes that, for the purposes of the Security Deposit Statute, a "tenant" is "a

5

*person* entitled under a rental agreement to occupy a *dwelling unit* to the exclusion of others." See Colo. Rev. Stat. Ann. § 38-12-502(9) (West 2008) (emphasis added). But here the lease does not entitle any *person* to occupancy. To the contrary, the lease only entitles occupancy to a corporation: Campaign. Campaign's right of exclusion best illustrates its sole entitlement to occupancy: although Sewell was associated with Campaign, nothing in the lease entitled Sewell personally to occupy the property, and Campaign could have rightly excluded Sewell from the property.

To be sure, "person" can refer to either a natural person or a legal entity, such as a corporation. See Person, Black's Law Dictionary (11th ed. 2019). But the Supreme Court of Colorado's reasoning in Edwards v. New Century Hospice, Inc., 535 P.3d 969, 973–75 (Colo. 2023), persuades us that Colorado courts would construe "person" in the Security Deposit Statute as a natural person or human rather than a legal entity.[2] The Edwards court held that the "general use of 'person' denotes a human being," and unless the statute indicates that "person" is used in a technical sense, the court won't read the term to encompass legal entities like corporations. Id. at 974 (citing Person, Black's Law Dictionary (11th Ed. 2019)); see also Gonzales v. Mascarenas, 190 P.3d 826, 832 (Colo. App. 2008) (J. Jones, J., concurring) ("The plain and ordinary meaning of 'person' is an individual human being.").

---

[2] Because the district court sat in diversity, Five Points Management Group v. Campaign, Inc., No. 1:20-CV-2599-RBJ, 2021 WL 3710373, at *1 (D. Colo. Aug 20, 2021), our task under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938) is to predict how the state's highest court would rule if presented with the same case. Wade v. EMCASCO Ins. Co., 483 F.3d 657, 666 (10th Cir. 2007) (quoting Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10th Cir. 2003)).

As in Edwards, 535 P.3d at 974, this statutory scheme indicates that "person" is best read to mean a human. Five Points concedes that, for the purposes of the Security Deposit Statute, a "dwelling unit" is "a structure or part of a structure that is used as a home, residence, or sleeping place by a tenant." See Colo. Rev. Stat. Ann. § 38-12-502(3) (West 2008). Although we may say that a company is "essentially at home" for the purposes of personal jurisdiction, see, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011), we would not say that a corporation would *use a structure* as a home, residence, or sleeping place, reinforcing our conclusion that the plain reading of "person" is the correct reading under Colorado law, and that the Security Deposit Statute does not protect corporate tenants.

Finally, we favor this interpretation because the Security Deposit Statute excludes corporate lessees even though it contemplates corporate parties. A "landlord" is "the owner, manager, lessor, or sublessor of a residential premises" for the purposes of the Security Deposit Statue. Colo. Rev. Stat. Ann. § 38-12-502(5) (West 2008). Because a lessor or sublessor can be either a person or a corporation, the statutory scheme encompasses some corporate parties by regulating corporate landlords. But when defining "tenant," the statute used narrower language, requiring landlords to give written notice of retainment only to "persons," rather than to "lessees"—a material difference. Our reasoning accords with the Colorado Supreme Court's reasoning in Schneiker v. Gordon, 732 P.2d 603, 610 n.4 (Colo. 1987) (en banc) (citing Martin v. Allen, 566 P.2d 1075, 1076 (Colo. 1977)), where the court

7

concluded that the Security Deposit Statute concerns the disparity in bargaining power created by non-corporate lessees.[3]  So Five Points's argument that we should read the Security Deposit Statute to encompass corporate lessees conflicts with established Colorado law.

Given these considerations, we hold that the Security Deposit Statute does not require Hartman to give Campaign a written statement of accounting to retain the security deposit as a setoff against unpaid rent.  Thus, Hartman properly retained the security deposit under the terms of the lease, and Campaign could not recover the security deposit from Hartman.  Because Campaign could not recover the security deposit from Hartman, Colorado law prevents Five Points from garnishing the security deposit.  Kinzie, 120 P.2d at 195 (citing Green, 113 P.2d at 428).  And because Five Points could not garnish the security deposit from Campaign, Five Points cannot receive treble damages under the Security Deposit Statute.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[3] Our opinion does not rest on the statute's legislative history, but on the Colorado Supreme Court's interpretation of the purview of the Security Deposit Statute.

8